UNITED STATES of America, Plaintiff-Appellee,

v.

Frank Vincent OKIYAMA, Defendant-Appellant.

No. 75–1429.

United States Court of Appeals, Ninth Circuit.

Aug. 20, 1975.

Rehearing Denied Nov. 12, 1975.

**602**

Howard G. Trapp (argued), Agana, Guam, for defendant-appellant.

Jonathan Rapore, Asst. U. S. Atty. (argued), Agana, Guam, for plaintiff-appellee.

OPINION

Before CHAMBERS, ELY and HUFSTEDLER, Circuit Judges.

PER CURIAM:

Okiyama appeals from his conviction for narcotics offenses (21 U.S.C. §§ 952, 841), contending that the district court erred in denying his pretrial motion to dismiss the indictment on the ground that the grand and petit juries had not been selected in substantial compliance with applicable statutory provisions (28 U.S.C. §§ 1864, 1865, 1866, 1867).[1] We

---

1. The applicable statutory provisions of Title 28 provide in relevant part as follows:

§ 1864.

(a) From time to time as directed by the district court, the clerk or a district judge shall publicly draw at random from the master jury wheel the names of as many persons as may be required for jury service. The clerk or jury commission shall prepare an alphabetical list of the names drawn, which list shall not be disclosed to any person except pursuant to the district court plan and to sections 1867 and 1868 of this title. The clerk or jury commission shall mail to every person whose name is drawn from the master wheel a juror qualification form accompanied by instructions to fill out and return the form, duly signed and sworn, to the clerk or jury commission by mail within ten days. If the person is unable to fill out the form, another shall do it for him, and shall indicate that he has done so and the reason therefor. In any case in which it appears that there is an omission, ambiguity, or error in a form, the clerk or jury commission shall return the form with instructions to the person to make such additions or corrections as may be necessary and to return the form to the clerk or jury commission within ten days.

\* \* \*

§ 1865.

(a) The chief judge of the district court, or such other district court judge as the plan may provide, on his initiative or upon recommendation of the clerk or jury commission, shall determine solely on the basis of information provided on the juror qualification form and other competent evidence whether a person is un-

qualified for, or exempt, or to be excused from jury service. The clerk shall enter such determination in the space provided on the juror qualification form and the alphabetical list of names drawn from the master jury wheel. If a person did not appear in response to a summons, such fact shall be noted on said list.

(b) In making such determination the chief judge of the district court, or such other district court judge as the plan may provide, shall deem any person qualified to serve on grand and petit juries in the district court unless he—

(1) is not a citizen of the United States eighteen years old who has resided for a period of one year within the judicial district;

(2) is unable to read, write, and understand the English language with a degree of proficiency sufficient to fill out satisfactorily the juror qualification form;

(3) is unable to speak the English language;

(4) is incapable, by reason of mental or physical infirmity, to render satisfactory jury service; or

(5) has a charge pending against him for the commission of, or has been convicted in a State or Federal court of record of, a crime punishable by imprisonment for more than one year and his civil rights have not been restored by pardon or amnesty.

§ 1866.

(c) Except as provided in section 1865 of this title or in any jury selection plan provision adopted pursuant to paragraph (5), (6), or (7) of section 1863(b) of this title, no person or

hold that substantial compliance was lacking and that dismissal of the indictment is required despite the absence of any showing that Okiyama suffered prejudice from the deficiencies in the selection processes.

The Clerk's Office for the District of Guam sent out approximately 600 questionnaires to prospective jurors, of which 437 were returned. No effort was made to follow up those that were not returned. Of the 437 individuals whose forms were returned, apparently three were determined to be unqualified to serve; it is not clear whether the deputy clerk or the district court made this determination. (*See* 28 U.S.C. § 1865.) Thirty names were selected by lot as prospective grand jurors, of which twenty-three were chosen to serve. Again, it is unclear whether the deputy clerk or the district court excused six of the seven individuals who were not chosen; the deputy clerk testified that he personally excused one of the seven. Eight of the twenty-three persons selected as grand jurors failed to answer the question on the form that asked about the extent of his or her education. One person answered that she could understand "very little" English and that she had finished the fourth grade. Another person did not sign her questionnaire although the form called for a signature under oath. Two persons gave ambiguous answers to questions about their addresses. Another failed to respond to the question about his employment. The answers on one questionnaire were written in handwriting which was markedly different from the signature on the form; on the same form, four questions were unanswered. The two persons with the highest level of educational achievement, a university student and a high school graduate, were excused from grand jury service. The deputy clerk testified that he personally excused the university student. No reasons were given for excusing these persons. The forms filled out by several persons selected for service on the petit jury pool reveal the same sort of defects: unanswered questions, ambiguous answers, and an indication of little knowledge of English.

The district court's finding of substantial compliance is clearly erroneous. Persons who cannot understand, read or

---

class of persons shall be disqualified, excluded, excused, or exempt from service as jurors: *Provided*, That any person summoned for jury service may be (1) excused by the court, upon a showing of undue hardship or extreme inconvenience, for such period as the court deems necessary, at the conclusion of which such person shall be summoned again for jury service under subsections (b) and (c) of this section, or (2) excluded by the court on the ground that such person may be unable to render impartial jury service or that his service as a juror would be likely to disrupt the proceedings, or (3) excluded upon peremptory challenge as provided by law, or (4) excluded pursuant to the procedure specified by law upon a challenge by any party for good cause shown, or (5) excluded upon determination by the court that his service as a juror would be likely to threaten the secrecy of the proceedings, or otherwise adversely affect the integrity of jury deliberations.

\* \* \*

§ 1867.

(a) In criminal cases, before the voir dire examination begins, or within seven days after the defendant discovered or could have discovered, by the exercise of diligence, the grounds therefor, whichever is earlier, the defendant may move to dismiss the indictment or stay the proceedings against him on the ground of substantial failure to comply with the provisions of this title in selecting the grand or petit jury.

\* \* \* \* \* \*

(d) Upon motion filed under subsection (a), (b), or (c) of this section, containing a sworn statement of facts which, if true, would constitute a substantial failure to comply with the provisions of this title, the moving party shall be entitled to present in support of such motion the testimony of the jury commission or clerk, if available, any relevant records and papers not public or otherwise available used by the jury commissioner or clerk, and any other relevant evidence. If the court determines that there has been a substantial failure to comply with the provisions of this title in selecting the grand jury, the court shall stay the proceedings pending the selection of a grand jury in conformity with this title or dismiss the indictment, whichever is appropriate. If the court determines that there has been a substantial failure to comply with the provisions of this title in selecting the petit jury, the court shall stay the proceedings pending the selection of a petit jury in conformity with this title.

speak English are not qualified to sit as jurors. (28 U.S.C. § 1865(b).) The failure to require prospective jurors to answer all questions on the forms, especially those concerning the level of educational achievement, deprived the court of information from which it could have determined whether prospective jurors were or were not language-qualified. With respect to at least one grand juror, there appears to have been no information upon which the court could have based such a determination; four questions were unanswered, and the form was apparently filled out by someone other than the grand juror who signed the form. The deficiencies in compliance were substantial.

The Government attempts to uphold the district court's order on the ground that Okiyama failed to show prejudice from the statutory violations. We reject the argument because the prejudice inquiry is not relevant in this context.

The legislative history of 28 U.S.C. § 1867(d) reveals that Congress deliberately excised a prejudice component that had existed in a prior version of the bill which was ultimately enacted as the Jury Selection and Service Act of 1968 and codified, in part, as Section 1867(d). As the House Report (No. 1076) explained:

"A committee amendment to S. 989 eliminates the need to prove prejudice as a condition of judicial intervention when substantial noncompliance with the act is established. The committee believes that the 'prejudice' requirement would unduly burden the procedure established by the bill for challenging noncompliance." (U.S.Code Cong. & Admin.News 1968, at 1806.)

 Even if Congress had not spoken its mind so clearly, the prejudice concept should not be invoked when, as here, the deficiencies in the selection process created the serious risks that those selected were not sufficiently proficient in English to understand the proceedings in which they were to participate and, further, that the veniremen did not represent a fair cross section of the community. (Cf. Taylor v. Louisiana (1975) 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690; Thiel v. Southern Pacific Co. (1946) 328 U.S. 217, 225, 66 S.Ct. 984, 90 L.Ed. 1181; United States v. McDaniels (E.D. Fla. 1973) 370 F.Supp. 298, 301.)[2]

Okiyama fully met the only burden placed upon him when he established that the procedures employed in selecting the grand jury that indicted him and the petit jury before whom he would be tried did not substantially comply with the applicable statutes.[3]

Reversed and remanded with the recommendation to dismiss the indictment.

---

**2.** The Government argues that Okiyama failed to comply with Rule 6(b)(2) of the Federal Rules of Criminal Procedure, in that he did not establish that fewer than twelve grand jurors, "after deducting the number not legally qualified, concurred in finding the indictment" (Rule 6(b)(2)). However, Okiyama did not challenge specific jurors on the ground that they were not qualified; rather, he challenged "the array of jurors on the ground that the grand jury was not selected, drawn or summoned in accordance with law" (Rule 6(b)(1)). Thus the provision to which the Government refers is inapplicable. (See Rule 6(b).)

**3.** During oral argument, the appellant's attorney advised the court that after the irregularities herein discussed were brought to the attention of the district court in the present case, District Judge Duenas promptly took remedial action designed to eliminate the continuation of such irregularities.