963 F.2d 379
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
THE PEOPLE OF THE TERRITIORY OF GUAM, Plaintiff-Appellee,
v.
Michael Maanao QUITUGUA, Defendant-Appellant.
 No. 91-10337.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 8, 1992.*
Decided May 13, 1992.
 
 Before CYNTHIA HOLCOMB HALL, BRUNETTI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Michael Quitugua was found guilty by a trial jury of one count of Second Degree Criminal Sexual Conduct in violation of 9 Guam Code Ann. § 25.20(a)(1). He was sentenced to five years imprisonment and ordered to pay a $5,000 fine. He appeals his conviction on the ground that there was substantial noncompliance with the provisions of Guam's jury selection and service act, Guam Civ.Proc.Code §§ 680.10-11, 680.13, 680.17 (1984), in selecting the grand jury. The district court had jurisdiction under 48 U.S.C. § 1424-3(a). We have jurisdiction over this timely appeal under 48 U.S.C. § 1424-3(c). We affirm.
 
 
 3
 * Quitugua argues that his conviction be reversed with an instruction that his indictment be dismissed because the court did not substantially comply with the provisions of Guam's jury selection and service act, Guam Civ.Proc.Code §§ 680.10-11, 680.13, 680.17 (1984). He argues that his grand jury was not randomly selected because a volunteer juror was chosen directly from a Master wheel without having first been placed on a Master list pursuant to Guam Civ.Proc.Code § 680.10 (1984)[1].
 
 
 4
 The Second Circuit has held that mere technical violations of the federal Jury Selection and Service Act of 1968, 28 U.S.C. § 1867(d), do not constitute substantial failure to comply with its provisions. United States v. LaChance, 788 F.2d 856, 870 (2nd Cir.1986). Similarly, we have held that technical violations of the federal Jury Selection and Service Act are not substantial where they do not operate to frustrate the goals of the Act. United States v. Nelson, 718 F.2d 315, 318 (9th Cir.1983); United States v. Goodlow, 597 F.2d 159, 162 (9th Cir.1979), cert. denied, 442 U.S. 913, 99 S.Ct. 2830, 61 L.Ed.2d 280 (1979). We analogize these holdings to Guam's jury selection and service act.
 
 
 5
 The statutory policy underlying Guam's act is that all persons selected for jury service be selected at random from a fair cross section of the population of the Territory, and that all qualified citizens have the opportunity in accordance with this chapter to be considered for jury service." Guam Civ.Proc.Code § 680.2 (1984). In the instant case, the placement of the volunteer juror on the Master wheel instead of on the Master list did not operate to frustrate either of these two goals. Though the Master list was bypassed, a random selection of jurors was made from the over two hundred jurors listed on the Master wheel. In addition, placement of the volunteer juror on the Master wheel instead of the Master list in no way affected the opportunity of qualified citizens to be considered for jury service. Prospective jurors who might have been selected for the Master wheel are not excluded from subsequent selection. The opportunity for future jury service remains. We therefore find that placement of the volunteer juror directly onto the Master wheel was a mere technical violation as both of the statute's objectives were satisfied.
 
 
 6
 Quitugua's reliance on United States v. Okiyama, 521 F.2d 601 (9th Cir.1975), is misplaced. In Okiyama, the Ninth Circuit held that the failure to require prospective jurors to answer all questions on juror forms did not substantially comply with the applicable federal statutes because the statutory objective that only qualified English speakers be allowed to sit as jurors was violated. Okiyama, 521 F.2d at 603-04. Since the selection procedures used here satisfied both statutory objectives, substantial compliance was not lacking.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Guam Civ.Proc.Code § 680.10 states:
 (a) The clerk shall compile a master list. The master list shall consist of the vote registration list for the Territory, which may be supplemented with names from other lists of persons resident therein such as lists of property taxpayers, utility customers, and drivers' licenses which the court from time to time designates. Additionally, any person whose name may not appear on any list used in the compilation of the master list may request the clerk to place his name on the master list, and the clerk shall comply with such request if he finds the person qualified to serve as a juror.