983 F.2d 1077
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John San Nicolas BORJA, Defendant-Appellant.
 No. 92-10169.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 16, 1992.*
Decided Dec. 18, 1992.
 
 Before GOODWIN, O'SCANNLAIN and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John San Nicholas Borja appeals his conviction for conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 846. Borja argues that his conviction should be reversed because the district court used constitutionally suspect jury selection procedures, failed to suppress evidence seized pursuant to an invalid search warrant, provided defective jury instructions and admitted unfairly prejudicial physical evidence. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * Borja argues that the Northern Mariana Islands District Court's jury selection procedures violated his rights under the Fifth and Sixth Amendments. First, Borja claims that, since voter eligibility in the Commonwealth of the Northern Mariana Islands (NMI) is limited to United States citizens and nationals, the district court's practice of selecting jurors exclusively from voter registration lists operated to exclude systematically Trust Territory (TT) citizens from jury service in NMI District Court. Borja asserts that Presidential Proclamation No. 4568 guarantees the right of TT citizens exclusively domiciled in the NMI to serve on both grand and petite juries in NMI District Court. Second, Borja contends that the district court impermissibly excluded jurors not proficient in English. We review the propriety of the district court's bases for exclusion of jurors de novo. United States v. De Gross, 960 F.2d 1433, 1436 (9th Cir.1992) (en banc).
 
 
 4
 The jury selection procedures adopted by the district court violate neither the Due Process Clause of the Fifth Amendment nor Borja's Sixth Amendment right to trial by an impartial jury. First, Presidential Proclamation No. 5564 renders obsolete the provisions of Presidential Proclamation No. 4568 upon which Borja relies. As federal courts constitutionally may exclude individuals who are not United States citizens from jury service, Borja cannot establish a deprivation of his constitutional rights nor can he identify other error mandating reversal. See 28 U.S.C. 1865(b)(1) (non-citizens unqualified to serve on grand and petit juries in federal courts); United States v. Toner, 728 F.2d 115, 129 (2nd Cir.1984) (rejecting claim that exclusion of aliens from jury deprives an alien defendant of a Sixth Amendment right to an impartial jury); cf. Perkins v. Smith, 370 F.Supp. 134 (D.C.Md.1974), aff'd, 426 U.S. 913 (1976) (Constitution does not bar disqualification of resident aliens from jury service); Foley v. Connelie, 435 U.S. 291, 296 (1978) ("it is clear that a State may deny aliens the right to vote, or to run for elective office, for these lie at the heart of our political institutions. Similar considerations support a legislative determination to exclude aliens from jury service").
 
 
 5
 Second, by statute, a district court may exclude from jury service those persons "unable to read, write, and understand the English language with a degree of proficiency sufficient to fill out satisfactorily the juror qualification form" or "unable to speak the English language." 28 U.S.C. § 1865(b)(2) and (3). See United States v. Okiyama, 521 F.2d 601, 603-04 (9th Cir.1975) (failure to comply with § 1865(b)(2) and (3) requires dismissal of indictment absent showing of prejudice--"[p]ersons who cannot understand, read or speak English are not qualified to sit as jurors"); United States v. Benmuhar, 658 F.2d 14, 19-20 (1st Cir.1981) (English proficiency requirement for jurors serves a significant state interest and thus does not violate defendant's Sixth Amendment rights), cert. denied, 457 U.S. 1117 (1982).
 
 II
 
 6
 Borja argues that the district court improperly denied his motion to suppress evidence seized during the July 25, 1991 search of his residence. Borja claims that the warrant, upon which the search of his residence was executed, was both unsupported by the government's required showing of probable cause and facially overbroad.
 
 
 7
 Motions to suppress are generally reviewed de novo. Whether a warrant describes the items to be seized with sufficient particularity is also reviewed de novo. United States v. Schmidt, 947 F.2d 362, 371 (9th Cir.1991). However, the determination of probable cause by a district judge or magistrate judge prior to issuance of a warrant is treated with great deference and is thus not reviewed de novo. Id. A finding of probable cause by a district judge or magistrate judge will not be reversed unless clearly erroneous--"[t]he court need only find that, 'under the totality of the circumstances, the [judge] had a substantial basis for concluding that probable cause existed ... In doubtful cases, preference should be given to the validity of the warrant'." Id. (quoting United States v. McQuisten, 795 F.2d 858, 861 (9th Cir.1986)).
 
 
 8
 Borja initially contends that the affidavit underlying the warrant contained information provided by an unreliable informant, omitted material facts, and failed to identify specifically Borja's residence as the location of illegal drug activity. The district court properly rejected each of these claims. The informant was personally known to law enforcement personnel and had provided reliable information to police on prior occasions. Additionally, the affidavit underlying the warrant presented cogent evidence corroborating the informant's statements. The district court's finding that the affiant's Franks hearing testimony was credible and its finding "that using [Borja's] full name in his search warrant instead of 'John' or 'J.B.' was done to clarify rather than to deceive or in reckless disregard for the truth" are not clearly erroneous. Finally, the fact that drug paraphernalia, money, and a gun had been legally seized from Borja's residence five months prior to the July 21 search, combined with contemporaneous evidence of Borja's involvement in a conspiracy to distribute methamphetamine, established the requisite probable cause to seek drug related evidence at Borja's residence. See United States v. Garza, No. 91-30240, slip op. at 7430 (9th Cir. June 29, 1992) ("[b]ased on the nature of the evidence and the type of offense, a magistrate may draw reasonable inferences about where evidence is likely to be kept ...' in the case of drug dealers, evidence is likely to be found where the dealers live' ") (quoting United States v. Greany, 929 F.2d 523, 524-25 (9th Cir.1991)).
 
 
 9
 Next, Borja argues that provisions of the search warrant authorizing seizure of "scales," "packaging materials and containers," "documentation concerning the identities of co-conspirators," and "documentation to show financial gain" were patently overbroad. A warrant must particularly describe the place to be searched and the descriptions contained in a warrant "must be specific enough to enable the person conducting the search reasonably to identify the things authorized to be seized." United States v. Schmidt, 947 F.2d at 371 (quoting United States v. Spilotro, 800 F.2d 959, 963 (9th Cir.1986)). In determining whether a description is sufficiently precise, we examine three factors:
 
 
 10
 (1) whether probable cause exists to seize all items of a particular type described in the warrant; (2) whether the warrant sets out objective standards by which executing officers can differentiate items subject to seizure from those which are not; and (3) whether the government was able to describe the item more particularly in light of the information available to it at the time the warrant was issued."
 
 
 11
 Id. at 371-72.
 
 
 12
 In the present situation, the warrant described the items to be seized with the requisite particularity. There was probable cause to seize all of the items described. In addition, while the warrant does not explicitly limit the items to be seized to those used in specific criminal activity, when examined in context, the various descriptions of items listed in the warrant clearly relate to Borja's methamphetamine distribution activities.
 
 III
 
 13
 Borja argues that the district court's reasonable doubt instruction improperly defined the term "reasonable doubt." As there was no objection to the jury instructions at the time of trial, we review only for plain error. United States v. Boone, 951 F.2d 1526, 1541 (9th Cir.1991).[1]
 
 
 14
 At Borja's request, the court gave Ninth Circuit Model Criminal Jury Instruction 3.03:
 
 
 15
 A reasonable doubt is a doubt based on reason and common sense, and may arise from a careful and impartial consideration of all the evidence, or from lack of evidence. Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty.
 
 
 16
 If after a careful and impartial consideration with your fellow jurors of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration with your fellow jurors of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.
 
 
 17
 The use of this instruction does not constitute reversible error. United States v. Velasquez, slip op. no. 91-10540 (9th Cir. December 4, 1992).
 
 IV
 
 18
 Borja argues that the district court, over his objection, improperly admitted into evidence the English translation of a tape recording of a conversation in Chamorro. Borja claims that the district court abused its discretion by failing to take the steps necessary to ensure that the transcript was an accurate rendition of the contents of the original tape and by neglecting to instruct the jury that the tape, and not the transcript, was evidence to be considered in reaching a verdict. United States v. Yin, 935 F.2d 990, 994 (9th Cir.1991) (abuse of discretion standard).
 
 
 19
 The district court's decision to admit the transcript was not an abuse of discretion. The officer who translated the tape testified that he spoke both English and Chamorro and outlined the procedure he followed in preparing the transcript. The officer stated that, to his knowledge, the transcript accurately reflected what was said. Further, although Borja's counsel had possession of the tape for over one month prior to trial, Borja never produced his own translation nor was he able specifically to challenge any portion of the government's transcript. Explicitly inviting Borja's trial counsel to cross-examine the government's translator with respect to the correctness of his translation, the district court ruled that in the interest of fairness, "I will allow the witness to return for the purpose of your challenging the correctness of his translation." Borja's counsel failed to take advantage of the opportunity provided. See United States v. Hsieh Hui Mei Chen, 754 F.2d 817, 824 (9th Cir.) (district court did not abuse its discretion by permitting jury to use written transcripts produced by the government as an aid in listening to tape recordings), cert. denied, 471 U.S. 1139 (1985).
 
 V
 
 20
 Finally, Borja argues that the district court abused its discretion by admitting into evidence a handgun and by allowing the government to introduce other unspecified physical evidence also seized during the February, 1991 search of his residence. Borja claims that the unfairly prejudicial effect of the handgun's admission requires reversal and a new trial.
 
 
 21
 The district court did not abuse its discretion. Under Fed.R.Evid. 404(b), the evidence seized during the February 1991 search was properly used at trial to establish the knowledge and intent elements of the narcotics conspiracy with which Borja was charged.
 
 
 22
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Relying on People of the Territory of Guam v. Ibanez, 880 F.2d 108 (9th Cir.1989), cert. denied, 496 U.S. 930 (1990) and People of the Territory of Guam v. Yang, 850 F.2d 507 (9th Cir.1988), Borja argues that the reversible error standard applies in this case as it would have been futile to object to the instruction provided. Ibanez and Yang have no application here