978 F.2d 717
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph Anthony RUGGIO, Defendant-Appellant.
 No. 91-30392.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 17, 1992.
Decided Oct. 27, 1992.
 
 Before BEEZER, NOONAN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Joseph Anthony Ruggio was indicted on April 18, 1991 on one count of manufacturing and possessing with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) (1988). The indictment was based on evidence seized pursuant to a search warrant. Ruggio pled guilty and now appeals, arguing the affidavit in support of the search warrant was based on stale and hearsay information that lacked veracity and reliability, and the affidavit did not establish probable cause. We affirm.
 
 
 3
 * Generally "[a] magistrate's task in issuing a search warrant is 'simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." United States v. Calabrese, 825 F.2d 1342, 1348 (9th Cir.1987) (quoting Illinois v. Gates, 462 U.S. 213, 238 (1983)). Our duty as a reviewing court is merely "to ensure that the magistrate had a substantial basis ... for conclud[ing] that probable cause existed." In re Grand Jury Subpoenas Dated Dec. 10, 1987, 926 F.2d 847, 856 (9th Cir.1991) (quotation omitted) (alteration in original).
 
 
 4
 The search warrant, signed on March 28, 1991, was based on the following information:
 
 
 5
 (1) An informant, who was arrested in the past for possession of marijuana, stated that he was at Don Mitchell's house, in December of 1989, and "Joe" delivered one pound of fresh green marijuana bud to Mitchell.
 
 
 6
 (2) The informant stated that Joe resided with Jan and lived in Rogue River and had a telephone number of (503) 582-4373. This information was corroborated with a check of the telephone and reverse directories.
 
 
 7
 (3) The informant stated that Joe and Jan had an indoor marijuana growing operation.
 
 
 8
 (4) Electrical power consumption records of the house identified by the informant, checked as of February 27, 1991, indicated an amount of usage three times what Pacific Power and Light Company stated should be the average usage for that residence. Moreover, the home used wood and gas for heating. The agent, in his affidavit, stated that in his experience, this information is consistent with a marijuana growing operation.
 
 
 9
 (5) On March 6, 1991, the agent used a military night thermal imagery device that indicated a great amount of heat radiated from this house in an area around a covered window. Other homes in the area did not emanate this kind of heat. The agent stated that based on his training, and information he received from the National Guard, he believed this to be consistent with an indoor marijuana growing operation.
 
 
 10
 * Ruggio first argues that the affidavit in support of the search warrant is based on stale information because the information from the informant was fifteen months old. However, "[s]taleness must be evaluated in light of the particular facts of the case and the nature of the criminal activity and property sought." United States v. Greany, 929 F.2d 523, 525 (9th Cir.1991). "The passage of time is not necessarily a controlling factor in determining the existence of probable cause." United States v. Foster, 711 F.2d 871, 878 (9th Cir.1983), cert. denied, 465 U.S. 1103 (1984). "When the evidence sought is of an ongoing criminal business of a necessarily long-term nature, such as marijuana growing, rather than that of a completed act, greater lapses of time are permitted if the evidence in the affidavit shows the probable existence of the activity at an earlier time." Greany, 929 F.2d at 525; see also United States v. Dozier, 844 F.2d 701, 707 (9th Cir.) ("marijuana cultivation is a long-term crime"), cert. denied, 488 U.S. 927 (1988).
 
 
 11
 Therefore, the passage of fifteen months does not necessarily make the information stale, when that information concerns marijuana cultivation. Moreover, any possible staleness of the informant's statements was eliminated by the other two sources of information. The electrical power consumption and the thermal imagery device indicated the presence of indoor marijuana cultivation.
 
 B
 
 12
 Ruggio complains that the information obtained from the informant was unreliable because it was hearsay. However, the magistrate may consider hearsay statements in an affidavit in support of a search warrant. United States v. Guerrero, 756 F.2d 1342, 1348-49 (9th Cir.) ("the affidavit need convince the magistrate merely that a substantial basis for crediting the hearsay exists" (quotation omitted)), cert. denied, 469 U.S. 934 (1984).
 
 
 13
 Ruggio also claims that even if there was corroboration as to the informant's giving of the phone number and address, there was no corroboration, and no substantial basis, to establish the informant's veracity with respect to the criminal activities--such as evidence of an admission against penal interest or prior use by the police as a tipster. However, an informant's reliability may be demonstrated through independent police corroboration of the information provided. United States v. Freitas, 716 F.2d 1216, 1222 (9th Cir.1983). Ruggio's argument ignores the other pieces of information upon which the search warrant was based. Ruggio tries to argue that because the informant, when he testified at the Franks hearing, was unable to remember much of what he told the agent, he is unreliable. However, "[i]n reviewing the validity of a search warrant, we are limited to the information and circumstances contained within the four corners of the underlying affidavit." United States v. Bertrand, 926 F.2d 838, 841 (9th Cir.1991) (quotation omitted).
 
 
 14
 The warrant was not based on the informant's statements alone, but on information from Pacific Power and the use of the night thermal imagery device. Given these three sources of information together, the informant's statements concerning the cultivation of marijuana were corroborated. Therefore, there was a substantial basis for crediting the hearsay statements.
 
 II
 
 15
 Ruggio also complains that the power usage records do not support the allegations in the search warrant. Ruggio asserts there are specific pieces of false or omitted information in the affidavit. We review false or omitted material in affidavits to determine whether they were material and influenced the magistrate's finding of probable cause. United States v. McQuisten, 795 F.2d 858, 862-63 (9th Cir.1986); United States v. Ippolito, 774 F.2d 1482, 1484-86 (9th Cir.1985).
 
 
 16
 * Ruggio argues that the affidavit failed to state any comparison of power usage in similar homes of the same size. However, the affidavit explicitly states that Pacific Power furnished the agent with its estimate of how many monthly kilowatt hours 8151 Rogue River Highway should be using. Failure to make a comparison with other homes is immaterial.
 
 B
 
 17
 Ruggio argues that the affidavit does not indicate what time period is covered by the electric power consumption records. However, the affidavit explicitly states the power consumption records from April 1987 onward were checked.
 
 C
 
 18
 Ruggio also states that the magistrate was unable to consider a new sauna added to the house and additions made to the house. The affidavit did, however, explicitly state the square footage of the home. As for the sauna, Ruggio points to no evidence indicating a sauna would account for three times more electrical usage than what the power company determined to be the average usage for that home.
 
 D
 
 19
 Ruggio, citing some Oregon state cases, argues that power consumptions records by themselves are not sufficient to provide a basis for a search warrant. We agree. However, these records, by themselves did not provide such a basis in the instant case. These records only helped to provide probable cause when seen together with the other sources of information.
 
 E
 
 20
 Ruggio finally argues that the affiant failed to relate to the magistrate the extent of his training and experience in the use of thermal imagery devices. However, at the hearing it was revealed that the agent had received some thermal imagery training from the National Guard prior to the evening of the surveillance. Although the affiant failed to state precisely the extent of his training, there was nothing misleading in the affidavit, which states that he had some training, and he received his information about the device from National Guard personnel who utilized it in the past. Ruggio has not proved by a preponderance of the evidence the existence of knowing or intentional falsehood or reckless disregard for the truth, nor that additional information about the agent's training would have been essential to the finding of probable cause. See Dozier, 844 F.2d at 705. We hold there was a substantial basis for the district court to credit the night thermal imagery device information.
 
 III
 
 21
 We hold, therefore, given the totality of the circumstances, there was a substantial basis for the magistrate's conclusion that the affidavit in support of the warrant established probable cause. The district court correctly found that there was no evidence of reckless statements or intentional falsehoods in the affidavit.
 
 
 22
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3