978 F.2d 717
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Juan MEZA, Defendant-Appellant.
 No. 91-30396.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 22, 1992.*
Decided Oct. 27, 1992.
 
 Before BEEZER, CYNTHIA HOLCOMB HALL and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Juan Alberto Meza appeals his conviction and sentence imposed under the United States Sentencing Guidelines, following a conditional guilty plea, for being a felon in possession of firearms in violation of 8 U.S.C. §§ 922(g) and 924(a)(2). Meza contends that the district court erred by (1) denying his motion to suppress evidence seized from his residence and (2) denying him a two-level reduction in his offense level for acceptance of responsibility pursuant to Guidelines section 3E1.1. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 * Motion to Suppress Evidence
 
 A. Probable Cause
 
 4
 Meza contends that the district court erred by denying his motion to suppress the evidence obtained from the search of his apartment because no probable cause existed to support the warrant. We disagree.
 
 
 5
 "We review de novo the district court's determination that there was probable cause, but review for clear error the underlying factual findings." United States v. Nance, 962 F.2d 860, 864 (9th Cir.1992).
 
 
 6
 In assessing the validity of a search warrant, we review " 'whether the magistrate had a substantial basis for concluding that the affidavit in support of the warrant established probable cause.' " United States v. Ayers, 924 F.2d 1468, 1478 (9th Cir.1991) (quoting United States v. Angulo-Lopez, 791 F.2d 1394, 1396 (9th Cir.1986)). " 'This inquiry is less probing than de novo review and shows deference to the issuing magistrate's determination.' " Id. (quoting Angulo-Lopez, 791 F.2d at 1396).
 
 
 7
 "Magistrates and judges must examine the 'totality of the circumstances' set forth in the affidavit to determine whether 'there is a fair probability that ... evidence of a crime will be found in a particular place.' " Ayers, 924 F.2d at 1478 (quoting Illinois v. Gates, 462 U.S. 213, 238 (1983)). The totality of circumstances include the corroborating details which support the veracity of an informant. Id.
 
 
 8
 Direct evidence is not needed to show that evidence of a crime is at a particular location to search the location. Angulo-Lopez, 791 F.2d at 1399. Based on the nature of the evidence and type of offense, the magistrate is allowed to draw reasonable inferences regarding where the evidence is likely to be stored. United States v. Terry, 911 F.2d 272, 275 (9th Cir.1990). Additionally " '[a] magistrate may rely on the conclusions of experienced law enforcement officers regarding where evidence of a crime is likely to be found.' " Id. at 275 (quoting United States v. Fannin, 817 F.2d 1379, 1382 (9th Cir.1987)).
 
 
 9
 Here, the written affidavit submitted by United States Fish and Wildlife Service Special Agent Dean Tresch, a twenty-year veteran, in support of the warrant contained the following information. Agent Tresch had participated in numerous investigations and prosecutions of individuals who violated federal fish and wildlife laws. In January 1990, Agent Tresch twice interviewed Kent Sellhast, who was suspected of breaking tribal hunting laws on the Colville Indian Reservation in Eastern Washington. Sellhast stated that in the 1988 and 1989 hunting seasons, he, Meza and another individual killed deer with the aid of artificial lights. Federal and tribal laws forbid the use of artificial lights to pursue, shoot, or kill any animal. Sellhast informed Agent Tresch that Meza used a one-half million candlepower handheld spotlight and two 30-06 rifles with scopes while hunting, drove a 1977 white 4-door Toyota Corolla, which was used to transport the deer, and placed a large red cooler in the back seat. Agent Tresch then spoke with Moses Joseph, a Colville Tribal Fish and Wildlife Officer. Joseph told Agent Tresch that on December 31, 1989, he saw two 30-06 bolt-action rifles with scopes in a white Toyota Corolla driven by Meza. Joseph ran a check on the vehicle through the Department of Motor Vehicles and determined that it was registered to Meza at 11300 Third Avenue, N.E., Apt. # 324, Seattle, Washington. Agent Tresch learned through the Washington Department of Corrections that Meza was a convicted felon and presently on parole. His parole records and the United States Postal Inspection Service both listed the aforementioned address. Agent Tresch surveilled this address and observed Meza's name on the apartment mailbox and saw the white Toyota in the parking lot. Based on his experience, Agent Tresch believed that Meza kept his hunting gear in the apartment.
 
 
 10
 Based on the totality of the circumstances set forth in the affidavit, the magistrate had a substantial basis for finding probable cause and issuing the warrant to search Meza's apartment. See Terry, 911 F.2d at 276; Ayers, 924 F.2d at 1478-79; Angulo-Lopez, 791 F.2d at 1398-99.
 
 B. Staleness
 
 11
 Meza also contends that the factual basis for the warrant was stale at the time the warrant issued. We disagree.
 
 
 12
 We evaluate staleness "in light of the particular facts of the case and the nature of the criminal activity and property sought." United States v. Greany, 929 F.2d 523, 525 (9th Cir.1991). It is a reasonable inference that equipment used to accomplish the criminal offense will be kept for some period of time. Id.
 
 
 13
 Here, law enforcement officers last observed Meza with the firearms on December 31, 1989. The search warrant issued on April 2, 1990. The district court reasonably inferred Meza, who had hunted the past two seasons, would keep the hunting equipment at his home until the next season. See Greany, 929 F.2d at 525; see also, United States v. Strifler, 851 F.2d 1197, 1201 (9th Cir.1988) (three-month old information not stale because evidence sought pertained to drug manufacturing and was a type that would be kept after the criminal activity ceased).
 
 II
 Acceptance of Responsibility
 
 14
 Meza contends that the district court erred by denying him a two-level reduction in his offense level for acceptance of responsibility because Meza, while admitting that he possessed the firearms, lied about whether he used the firearms for unlawful hunting. Meza argues that the district court was prohibited from considering whether he accepted responsibility for any act other than the elements of the instant offense.
 
 
 15
 We review for clear error a district court's factual finding that a defendant has not accepted responsibility for his criminal conduct. United States v. Scarano, No. 91-10143, slip op. 10601, 10615 (9th Cir. September 2, 1992).
 
 
 16
 "The Guidelines allow a two-level reduction in the defendant's total offense level if the 'defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct.' " United States v. Brady, 928 F.2d 844, 847 (9th Cir.1991) (citation omitted). Section 3E1.1 does not automatically require a reduction whenever a defendant pleads guilty. U.S.S.G. § 3E1.1, comment. (n. 3); United States v. Morales, 972 F.2d 1007, 1010 (9th Cir.1992); see also United States v. Martinez-Gonzalez, 962 F.2d 874, 878 (9th Cir.1992) (upholding district court's denial of a reduction where the truthfulness of defendant's " 'self-serving' statements regarding her involvement in the offense and related conduct" were questionable).
 
 
 17
 Here, although Meza pled guilty to the underlying offense, he told the probation officer that he did not use the firearms for illegal hunting. For this reason, the probation officer recommended that Burns not receive a reduction for acceptance of responsibility. At sentencing, following argument from defense counsel and the prosecution, the district court stated:
 
 
 18
 [A]s to the acceptance of responsibility, the probation officer in the presentence report has not given the two point adjustment for acceptance of responsibility. I'm satisfied that that determination is correct. Looking at the guidelines, we see that one factor to consider is whether the defendant has made a voluntary and truthful admission to authorities of involvement in the offense and related conduct. My finding is that Mr. Meza, unfortunately, has not done that. To the contrary, I find that his testimony is not true.
 
 
 19
 And while one may argue in a highly technical vein that whether he was using these guns for unlawful hunting or not doesn't strictly come within the definition of the offense, but only within the definition of a guideline computation, the fact remains that in my judgment he has not voluntarily and truthfully stated the fact and circumstances of the offense and related conduct. He did use these guns, as I say, as I find from the evidence, for unlawful hunting purposes. And on the strength of that it is not possible for the Court to award the acceptance of responsibility adjustment.
 
 
 20
 (RT 11/8/91 at 47-48).
 
 
 21
 Based on our review of the record, we hold that the district court properly determined that Meza did not make a truthful admission regarding his involvement in the instant offense, and therefore, the district court did not clearly err by finding that Meza was not entitled to a two-level reduction in his offense level for acceptance of responsibility. See Scarano, No. 91-10143, slip op. at 10615; see also Martinez-Gonzalez, 962 F.2d at 878; United States v. Taylor, 937 F.2d 676, 681-82 (D.C.Cir.1991) (upholding district court's denial of reduction where felon in possession of a firearm failed to give a truthful admission for all the circumstances surrounding his possession of the firearms beyond the narrow elements of the instant offense).
 
 
 22
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3