992 F.2d 1220
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Juan MEZA, Defendant-Appellant.
 No. 92-35461.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 5, 1993.
Decided May 5, 1993.
 
 1
 Before CANBY and REINHARDT, Circuit Judges, and TASHIMA, District Judge*.
 
 
 2
 MEMORANDUM**
 
 
 3
 Defendant-Appellant Juan Meza appeals the denial of his motion to vacate his sentence, made under 28 U.S.C. § 2255 on the ground he was denied effective assistance of counsel. This court has jurisdiction under 28 U.S.C. § 1291. We affirm the denial of appellant's motion.
 
 
 4
 On April 4, 1990, firearms were seized from Meza's apartment in Seattle, Washington, pursuant to a search warrant. The warrant permitted the seizure of two rifles, a spotlight and a cooler as evidence of the crimes of hunting deer with an artificial light and killing deer in excess of the allowed number on the north half of the Colville Indian Reservation and being a felon in possession of a firearm. The information in the accompanying affidavit was based primarily on two sources. First, on December 31, 1989, Moses Joseph, a Tribal Fish and Wildlife Officer of the Colville Indian Reservation, observed firearms in the trunk of a vehicle owned by appellant. Second, an informant, Kent Sellhast, indicated that appellant had hunted deer during the 1989 hunting season using two 30-06 rifles, a spotlight and a cooler.
 
 
 5
 Appellant was charged with being a convicted felon in possession of firearms, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). Appellant's trial counsel moved to suppress the firearms on the ground that the information in the affidavit was stale. Subsequent to Judge Dwyer's denial of that motion, Meza entered a conditional guilty plea, reserving his right to appeal the denial of his suppression motion. On appellant's direct appeal, we held in an unpublished Memorandum that the facts were not stale and affirmed the denial of the suppression motion. United States v. Meza, No. 91-30396, 978 F.2d 717 (Table), 1992 WL 313147, 1992 U.S.App. LEXIS 28290 (9th Cir. Oct. 27, 1992).
 
 
 6
 Appellant now contends that he was denied effective assistance of counsel because his trial lawyer failed to move to suppress the firearms on the ground that Officer Joseph's conduct constituted an illegal, warrantless search. To prevail on this claim, appellant is required to demonstrate that his trial counsel's representation fell below an objective standard of reasonableness under prevailing professional norms and that he was prejudiced by this deficiency. Strickland v. Washington, 466 U.S. 668, 687 (1984). Appellant contends he was prejudiced because the affidavit, excised of Officer Joseph's statements, does not establish probable cause and the information therein would have been stale at the time the warrant issued.
 
 
 7
 Judge Dwyer did not determine whether Officer Joseph's observations constituted an illegal search, but held that, regardless, the remaining information supported a finding of probable cause. A district court's determination that a redacted affidavit establishes probable cause is reviewed de novo. United States v. Elliott, 893 F.2d 220, 222 (9th Cir.), cert. denied, 498 U.S. 904 (1990).
 
 
 8
 The affidavit, excised of Officer Joseph's observations, contains information sufficient to establish probable cause.[1] Sellhast had provided the affiant, Agent Tresch, with photographs of Meza and another individual, Hobbs, with deer they had hunted and killed and of Meza gutting deer in the restricted area of the reservation. Sellhast informed Agent Tresch that during the 1989 hunting season Meza had held an artificial light in the restricted area to help Hobbs kill deer and that Meza was referred to as the "spotlight specialist." According to Sellhast, Meza used a spotlight and two 30-06 rifles when he hunted. The affidavit also indicated that Meza had been convicted of a felony.
 
 
 9
 This information clearly established probable cause that appellant had engaged in a crime. Further, Agent Tresch provided a sufficient link to Meza's home with his statement that "[b]ased on [his] experience as a federal fish and wildlife agent, it is common for hunters to keep ... rifles [and] hunting gear ... at their place of residence." See United States v. Fannin, 817 F.2d 1379, 1382 (9th Cir.1987) (court may rely on conclusions of experienced law enforcement officers regarding where evidence is likely to be found). The evidence to be seized consisted solely of items identified by Sellhast and therefore Agent Tresch did not merely speculate as to what hunters commonly keep in their possession. Cf. United States v. Weber, 923 F.2d 1338 (9th Cir.1990), modified, reh'g denied, 1991 U.S.App. LEXIS 450 (1991). Moreover, a court may draw reasonable inferences regarding where evidence is likely to be stored. United States v. Terry, 911 F.2d 272, 275 (9th Cir.1990).
 
 
 10
 Appellant also contends that a warrant issued on the basis of the excised affidavit would have been stale. However, the excised affidavit supports a finding that the items to be seized were likely to have remained in Meza's possession. The hunting season ended on December 31, 1989 and the warrant was issued on April 2, 1990. The excised affidavit does not explicitly indicate that Meza hunted near the end of the 1989 season. However, Sellhast reported that Meza had aided in hunting and killing 25 to 30 deer during the 1989 season, indicating that Meza hunted over an extended period of time. Common sense dictates that if Meza hunted often during the 1989 season, he would be unlikely simply to dispose of his rifles, camping cooler and spotlight prior to the following hunting season.[2] See United States v. Greany, 929 F.2d 523, 525 (9th Cir.1991) (reasonable to infer that equipment used to accomplish a criminal offense will be kept for some period of time).
 
 
 11
 Because appellant was not prejudiced by his trial counsel's failure to challenge Officer Joseph's search, we need not determine whether such a failure fell below accepted standards of professional conduct. We affirm the district court's denial of appellant's ineffective assistance of counsel claim.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The Honorable A. Wallace Tashima, District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the Courts of this Circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The government contends that under the good faith exception, the April 4, 1990 search was valid even if the redacted affidavit does not establish probable cause. See United States v. Leon, 468 U.S. 897, 913-22 (1984). However, the good faith exception does not apply where a search warrant is based on evidence obtained from an illegal search. United States v. Wanless, 882 F.2d 1459, 1466-67 (9th Cir.1989); United States v. Vasey, 834 F.2d 782, 788 (9th Cir.1987)
 
 
 [2]
 On direct appeal, the panel indicated that Meza had hunted during the 1988 and 1989 seasons. However, our review of the affidavit indicates that Meza hunted only during the 1989 season. We take the more conservative approach and our conclusion that the excised affidavit is not stale is based solely on Meza's activities during the 1989 hunting season