**UNITED STATES of America, Plaintiff–Appellant,**

v.

**Patrick Joseph GREANY, Defendant–Appellee.**

**No. 90–30216.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 7, 1991.

Decided April 2, 1991.

**524**

Thomas M. Coffin, Asst. U.S. Atty., Eugene, Or., for plaintiff-appellant.

Mary Ann Bearden, Bearden & Weinstein, Eugene, Or., for defendant-appellee.

Before BROWNING, WRIGHT and FARRIS, Circuit Judges.

FARRIS, Circuit Judge:

The government appeals the district court's grant of Patrick Greany's motion to suppress evidence seized pursuant to a federal search warrant. We reverse.

## JURISDICTION

The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 18 U.S.C. § 3731.

## STANDARD OF REVIEW

We review de novo the district court's finding that the magistrate's determination of probable cause was clearly erroneous. *United States v. Castillo*, 866 F.2d 1071, 1076 (9th Cir.1988).

## FACTS

On March 20, 1990, federal drug enforcement agents found evidence of a defunct marijuana growing operation at the residence of Tom Carroll. Carroll admitted that he and Brad Mowreader had grown marijuana in Carroll's attic three years earlier. At Carroll's direction, agents drove with Carroll to two former grow locations that Carroll said Mowreader had shown him earlier and to Greany's house. Carroll told the agents that, about one and one-half to two years previously, he and Brad Mowreader had performed remodeling work at Greany's residence to allow him to grow marijuana on the second floor. As reported in the affidavit, Carroll stated that during the remodeling, the three men "openly discussed that marijuana was intended to be manufactured upstairs." The agents verified that the vehicle in the driveway of the house Carroll pointed out was registered to Greany.

Based upon this information, the agents sought a warrant to search Greany's house for a variety of items related to marijuana growing. The affidavit set out the information above, and that Greany had been convicted of second degree criminal mischief in 1978. It also stated that evidence of a grow operation conducted three years earlier was found in the search of Carroll's residence. The magistrate issued the warrant, it was executed on the evening of the 20th, and 201 marijuana seedlings and $32,200 in cash were seized.

## DISCUSSION

■ We are required to accord deference to the magistrate's finding of probable cause and to uphold the magistrate if there is a substantial basis for concluding that the affidavit in support of the warrant established probable cause. *United States v. Ramos*, 923 F.2d 1346, 1351 n. 9 (9th Cir. 1991). To meet this test, the facts must be sufficient to justify a conclusion that the

property which is the object of the search is probably on the premises to be searched at the time the warrant is issued. *United States v. Hendricks*, 743 F.2d 653, 654 (9th Cir.1984) (quoting *Durham v. United States*, 403 F.2d 190, 193 (9th Cir.1968)), *cert. denied*, 470 U.S. 1006, 105 S.Ct. 1362, 84 L.Ed.2d 382 (1985).

■ The magistrate's determination of probable cause met this test. The magistrate properly found that Carroll's credible statement against penal interest supported an inference that marijuana growing related activity probably had occurred at Greany's residence. *See United States v. Dozier*, 844 F.2d 701, 706–07 (9th Cir.) (citing *United States v. Harris*, 403 U.S. 573, 583–84, 91 S.Ct. 2075, 2081–82, 29 L.Ed.2d 723 (1971)), *cert. denied*, 488 U.S. 927, 109 S.Ct. 312, 102 L.Ed.2d 331 (1988). The evidence of Carroll's own grow, the involvement of Brad Mowreader in Carroll's and two other grows, and the fact that Greany's vehicle was in the driveway of the house identified by Carroll provided corroboration.

■ Greany argues that even if this evidence would have been sufficient to support a warrant at the time of the remodel, it was stale two years later. We understand but reject the argument. Staleness must be evaluated in light of the particular facts of the case and the nature of the criminal activity and property sought. *United States v. Foster*, 711 F.2d 871, 878 (9th Cir.1983), *cert. denied*, 465 U.S. 1103, 104 S.Ct. 1602, 80 L.Ed.2d 132 (1984). One may properly infer that equipment acquired to accomplish the crime and records of the criminal activity will be kept for some period of time. *See, e.g., United States v. Strifler*, 851 F.2d 1197, 1201 (9th Cir.1988), *cert. denied*, 489 U.S. 1032, 109 S.Ct. 1170, 103 L.Ed.2d 228 (1989). When the evidence sought is of an ongoing criminal business of a necessarily long-term nature, such as marijuana growing, rather than that of a completed act, greater lapses of time are permitted if the evidence in the affidavit shows the probable existence of the activity at an earlier time. *See, e.g., Dozier*, 844 F.2d at 707; *United States v.*

*Landis*, 726 F.2d 540, 542–43 (9th Cir.), *cert. denied*, 467 U.S. 1230, 104 S.Ct. 2688, 81 L.Ed.2d 882 (1984); *see also United States v. Rowell*, 903 F.2d 899, 903 (2nd Cir.1990) (eighteen month old information not stale because evidence was of a drug distribution business); *United States v. LaMorte*, 744 F.Supp. 573, 575–76 (S.D.N.Y.1990) (three and one-half years not too long where evidence sought was of a massive criminal enterprise and was of a type that would be kept long after criminal activity ceased); *United States v. Glass Menagerie, Inc.* 721 F.Supp. 54, 58–59 (S.D.N.Y.1989) (two and one-half year old information not stale because evidence sought was of a narcotics paraphernalia manufacturing business). The evidence supporting the warrant was not stale.

We do not retreat from our holding in *United States v. Weber*, 923 F.2d 1338 (9th Cir.1991) (order and amended opinion). In *Weber*, we held that advertising material sent twenty months earlier to a "P. Webber" and identified by an unknown customs agent as "apparently" advertising child pornography was not sufficient to support a warrant to search for child pornography magazines. In so holding, we found that the purported expert testimony that "child molesters," "pedophiles," and "child pornography collectors" would keep such materials in their houses for long periods of time was not relevant to a showing of probable cause because no evidence was presented that Weber fell into one of the identified categories. *Id.* at 1345. Further, we noted that Weber had been notified by Customs that the contraband advertisement had been intercepted. We concluded that this fact made it less likely that Weber, if he had ever possessed child pornography, would not have destroyed or moved it. *Id.* at 1344–45.

Here, in contrast, the magistrate could reasonably conclude that evidence of a marijuana grow would still be present two years after the grow operation began. The affidavit stated that evidence of Carroll's marijuana grow was present in his residence three years after cessation of the grow. In addition, unlike Weber, Greany

had received no prior warning that he was suspected of having the materials sought in the warrant.

REVERSED.