942 F.2d 794
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
Amaechi Onwumere IKEJI, a/k/a Richard Ikeji, Defendant-Appellee.
 No. 91-30150.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 29, 1991.
Decided Aug. 15, 1991.
 
 Before EUGENE A. WRIGHT, BEEZER and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The government appeals the district court's suppression of evidence seized pursuant to a federal search warrant. We review the district court's judgment de novo, see United States v. Castillo, 866 F.2d 1071, 1076 (9th Cir.1988), and reverse.
 
 
 3
 * In May 1990, Vejay Bededa and Jeffrey Koski were arrested at Sea-Tac International Airport in possession of 700 grams of heroin. In June, Koski elected to cooperate with authorities and identified Amaechi Onwumere Ikeji as one of several persons directing his activities. The DEA began to investigate Ikeji shortly thereafter.
 
 
 4
 On September 26, 1990, John O'Rourke, a special agent with the DEA, applied to the Magistrate Judge for the Eastern District of Michigan for a warrant to search Ikeji's home for drug related paraphernalia including equipment and records. In his supporting affidavit, O'Rourke included the statements made by Koski after his Sea-Tac arrest.
 
 
 5
 The magistrate issued the warrant and the search was executed on September 27, 1990. Police recovered evidence including a bank statement, a passport in the name of an alleged coconspirator and a notebook containing tally records and notations. Ikeji was arrested in October at JFK International Airport in New York and charged with several offenses related to the importation and distribution of heroin.
 
 II
 
 6
 We first consider the district court's judgment that Koski's two month old testimony, which formed the most persuasive factor for determining probable cause, was stale. Staleness must be evaluated in light of the facts of the case, the nature of the criminal activity alleged and the property being sought. United States v. Greany, 929 F.2d 523, 525 (9th Cir.1991) (rejecting a staleness claim where evidence in the affidavit was over two years old).
 
 
 7
 In Greany, we adopted the view of other circuits that where the evidence sought is of a long term criminal business, greater lapses of time are permitted. 929 F.2d at 525. The evidence sought by the warrant here was of an ongoing drug importation and distribution conspiracy. The lapse between Koski's statements to agent O'Rourke and the filing of the supporting affidavit was only three and a half months. Records and equipment specified in the warrant were exactly the type of evidence that one could reasonably expect would remain in place for some time. See Greany, 929 F.2d at 525. Given the character of the evidence sought in light of the ongoing nature of the alleged activity, we find that the Koski testimony was not stale.
 
 III
 
 8
 We next consider whether the affidavit, including the Koski testimony, was sufficient for the magistrate to find probable cause. Magistrates must determine, from the totality of the circumstances, whether "there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983). One factor to be considered is the veracity of an informant. Id. An informant's description of illegal activity is sufficient to establish probable cause if the totality of the circumstances indicate that the tip is reliable. Id. at 230.
 
 
 9
 A magistrate's determination of probable cause will not be reversed unless it lacks a substantial basis. See United States v. Angulo-Lopez, 791 F.2d 1394, 1396 (9th Cir.1986) (citations omitted). "This inquiry is less probing than de novo review and shows deference to the issuing magistrate's determination." Id.
 
 
 10
 Koski told the DEA that he was paid by Ikeji to travel to Thailand to buy heroin. Over the next three and a half months, the DEA observed Ikeji in an effort to verify independently his alleged drug activity. During that time, he was seen exchanging small bills for large ones at a local bank, and an associate left his apartment in possession of over $7,000 in cash and also exchanged part of that money.
 
 
 11
 A personal telephone book, recovered pursuant to a consent search after Ikeji was stopped at the Detroit Airport, contained the names and phone numbers of several persons who were identified by the DEA as being connected to heroin distribution operations.[1]
 
 
 12
 The totality of these circumstances justified the magistrate's determination of probable cause and the issuance of the warrant.
 
 IV
 
 13
 Even if the magistrate erred in his finding of probable cause, the evidence seized pursuant to the warrant issued by the magistrate would nonetheless be admissible under the good faith exception of United States v. Leon, 468 U.S. 897 (1984).
 
 
 14
 Where an officer acts in reasonable, objective reliance on a warrant issued by a detached neutral magistrate, the fruits of that search are admissible notwithstanding that the warrant is subsequently found to have lacked probable cause. Id. at 919-21. Only where no reasonable law enforcement officer could conclude that there was probable cause to search is suppression proper. United States v. Tate, 795 F.2d 1487, 1490 (9th Cir.1988). Agent O'Rourke acted in reliance on the search warrant issued by the magistrate. Nothing in the record indicates that he relied unreasonably or in bad faith. We find that the evidence recovered in the search of Ikeji's home is admissible under the good faith exception to the exclusionary rule.
 
 
 15
 REVERSED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Ikeji contends that the vehicle stop was pretextual and the resulting search was illegal regardless of his consent. See United States v. George, 883 F.2d 1407, 1416 (9th Cir.1989). We disagree. Before the stop, officers observed that the license plate was expired on the car Ikeji was driving. Further, the car was a Chrysler, but the license was registered to a Volvo. The stop was justified and not pretextual because Ikeji was driving an illegally licensed car