963 F.2d 380
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Barry JORDAN, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kimberly Ann JORDAN, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gregory Allen ETHERTON, Defendant-Appellant.
 Nos. 91-30190, 91-30191 and 91-30210.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 4, 1992.
Decided May 13, 1992.
 
 Before CYNTHIA HOLCOMB HALL, O'SCANNLAIN and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendants Robert Jordan, Kimberly Jordan and Gregory Etherton pleaded guilty to conspiracy to manufacture and distribute more than fifty marihuana plants, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 846. All defendants appeal the denial of their motion for a Franks hearing, the sufficiency of the evidence supporting the plant count, and the calculation of their sentences. In a separate opinion, we affirm the calculation of their sentences. In this disposition, we affirm the denial of the Franks hearing and the plant count.
 
 
 3
 * Defendants first argue that the district court should have granted their motion for a Franks hearing. Under Franks v. Delaware, 438 U.S. 154 (1978), a defendant is entitled to an evidentiary hearing challenging the truthfulness of statements made in a supporting affidavit only if he "makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause." Id. at 156.
 
 
 4
 Defendants filed four affidavits challenging many statements in Agent Constantine's Supporting Affidavit. On appeal, Defendants narrow their focus and challenge the truthfulness of five specific statements or omissions.
 
 
 5
 * Defendants contend that Agent Constantine deliberately omitted the fact that he visited the Jordan property one month prior to the search and did not see or smell marihuana. They argue that if included in the Supporting Affidavit, such information would have negated probable cause. Defendants' argument is unpersuasive. There is no direct evidence of a deliberate omission, and contrary to Defendants' assertions, deliberateness cannot be inferred by examining the consequences of including this information in the Supporting Affidavit.[1] Agent Constantine may have simply regarded it as unimportant that he neither saw nor smelled marihuana during that visit. The fact that Agent Constantine visited the property and did not smell or see freshly growing marihuana would not indicate that the operation had been terminated because marihuana growing is "an ongoing criminal business of a necessarily long-term nature." United States v. Greany, 929 F.2d 523, 525 (9th Cir.1991). "[G]reater lapses of time are permitted [before information becomes stale] if the evidence in the affidavit shows the probable existence of the activity at an earlier time." Id.
 
 
 6
 Defendants argue that Agent Constantine deliberately omitted this information because it would undermine the reliability of CRI 1 and CRI 2. They reason that if a trained DEA agent cannot detect marihuana, it is highly unlikely that an untrained individual would be able to do so. Their argument, however, has two fact based weaknesses. First, it depends on the assumption that growing marihuana gives off a constant odor. Defendants have submitted no such proof. Second, by the time Agent Constantine visited the property, he suspected that Defendants might have moved the marihuana operation to the basement of the newly constructed outbuilding. This suspicion explains why Agent Constantine would not believe his failure to smell growing marihuana affected the probative value of the information given by CRI 1 and CRI 2.
 
 
 7
 Finally, even if Agent Constantine deliberately omitted the information, inclusion of the information would not negate probable cause. The Supporting Affidavit indicated that both CRI 1 and CRI 2 smelled freshly grown marihuana. This information is believable because the Supporting Affidavit indicated that at the time they detected the odor, the grow operation was probably located in the barn loft, and that warm temperatures cause the marihuana to give off an odor. CRI 1 reported seeing bright lights and aluminum foil, both of which are used in marihuana operations. CRI 3 indicated that Jordan was growing approximately 350 marihuana plants. Finally, CRI 1 noticed that a large generator operated on the property constantly, and Agent Constantine indicated that generators are frequently used in indoor grow operations to keep electric bills low and avoid detection. All of this information is sufficient to support a finding of probable cause.
 
 B
 
 8
 Understanding that they may not challenge the veracity of CRI 1's statement regarding his detection of marihuana odor, Franks, 438 U.S. at 171, Defendants argue that in light of Agent Constantine's failure to smell marihuana during his visit, he could not give credence to CRI 1's statement without demonstrating reckless disregard for the truth. This argument is unpersuasive. Agent Constantine believed that the marihuana operation had been moved to the underground bunker. He reasonably could have believed that this change in location accounted for the lack of odor during his visit.
 
 
 9
 We do not find United States v. Kerr, 876 F.2d 1440 (9th Cir.1989) relevant. In Kerr, the court found it "quite remarkable" that an officer could smell growing marihuana from 50 yards away. Id. at 1444-45. The present case is different because Defendants have to show that Agent Constantine did not believe CRI 1, not that a court would not believe him. In the Supporting Affidavit, Agent Constantine stated that the intense heat created by indoor operations must be blown outside by fans in order to avoid killing the plants. "When this air is vented to the outside a number of factors including natural breezes, air temperature and topographical features control it's [sic] dissipation. Because of this the distinctive odor of the growing marihuana is discernible often times for some distance away from these buildings." Agent Constantine obviously believed it was physically possible for CRI 1 to smell growing marihuana from a distance of 200 yards.
 
 
 10
 Again, even assuming that Agent Constantine recklessly included the information concerning CRI 1, the rest of the information in the affidavit supports a finding of probable cause.
 
 C
 
 11
 Defendants allege that Agent Constantine deliberately omitted the fact that CRI 3's statement concerning the existence of 350 plants on the Jordan property was not based on CRI 3's personal knowledge. We reject this argument. There is no tactical reason for the omission because "[h]earsay reported by informants is no bar to a finding of probable cause." United States v. Angulo-Lopez, 791 F.2d 1394, 1397 (9th Cir.1986); see also United States v. Woods, 720 F.2d 1022, 1029 (9th Cir.1983) ("There is no requirement ... that the tip contain the basis for the information or that the informer be a percipient witness to the reported facts."). All that is required is a showing of the informant's veracity and the reliability of his knowledge. Angulo-Lopez, 791 F.2d at 1396-97.
 
 
 12
 CRI 3 was a reliable informant with knowledge of Jordan's affairs, whatever the source of that knowledge. Agent Constantine and other law enforcement officers corroborated CRI 3's detailed travel information about Robert Jordan's February, 1990 trip to Oregon. See Woods, 720 F.2d at 1029 ("the detailed and accurate predictions in [the] tip indicated that, however his information was obtained, it was reliable.") (quotation omitted); see also Illinois v. Gates, 462 U.S. 213, 244 (1983) ("because an informant is right about some things, he is more probably right about other facts....").
 
 D
 
 13
 Defendants next allege that Agent Constantine could not have believed CRI 1's statement that he had seen aluminum foil and lights through a hole in the floor of the barn loft. Defendants attempt to prove recklessness by arguing that no reasonable person would have believed CRI 1 because the hole in the loft floor was the size of a quarter and was located two feet above CRI 1's head, making it impossible for CRI 1 to see into the loft. This argument fails because Defendants did not demonstrate that, at the time Agent Constantine learned of CRI 1's observations, Agent Constantine knew the size of the hole, or that CRI 1 made the observations from a two-foot distance. Without this information, Agent Constantine had no reason to doubt the reliability of CRI 1's statement. Moreover, even if Agent Constantine had known that CRI 1 stood two feet below a hole the size of a quarter, it would have been reasonable to believe that CRI 1 could see at least the bright lights through the hole. Defendants did not demonstrate why it would be impossible for CRI 1 to notice some aluminum foil from a distance of two feet.
 
 E
 
 14
 Finally, Defendants challenge the truthfulness of the statements concerning CRI 1's prior experience with marihuana. The affidavit submitted by Stephen Sady points out inconsistencies between the statements in the Supporting Affidavit relating to CRI 1's prior drug experience, and CRI 1's testimony at the pretrial hearings. The government calls Defendants' characterization of the pretrial testimony into question. Even accepting the Defendants' version of the pretrial testimony, however, the inconsistencies do not entitle Defendants to an evidentiary hearing for three reasons. First, there is no evidence that Agent Constantine deliberately misrepresented CRI 1's prior drug experience. Defendants have not demonstrated what information Agent Constantine had gathered at the time he drafted the Supporting Affidavit. Without such a showing, it is impossible to prove deliberate or reckless misrepresentation. Second, the pretrial testimony supports the conclusion that CRI 1 had at least some experience with marihuana grows. Whether he had seen one or twenty marihuana grows, either indoor or outdoor, Agent Constantine could conclude that CRI 1 had experience in this area, and had been associated with persons who grow marihuana. Third, CRI 1's prior drug experience does not affect the probable cause determination.[2] His prior experience is merely background information to establish basis of knowledge and reliability. Without this background information, there is sufficient information to establish reliability because D/S Manning corroborated other information given by CRI 1. See Gates, 462 U.S. at 244 (corroboration of some information renders other information trustworthy); Woods, 720 F.2d at 1029 (corroborated tip renders hearsay information reliable).
 
 II
 
 15
 Defendants next contend that the district court's plant count cannot be supported by the evidence because "the government relied merely on hearsay testimony regarding another officer's plant count." An official count was conducted by a DEA agent, at the direction of Agent Constantine. The count was limited to "living viable plant material that had a root structure." The record at sentencing also included a video tape of the seized plants and photographs of the plants prior to seizure.
 
 
 16
 Defendants' argument is meritless because sentencing judges may consider evidence that would not be admissible at trial when determining facts relevant to sentencing, provided that the evidence is reliable. U.S.S.G. § 6A1.3(a) ("the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability....").
 
 
 17
 Kim Jordan argues that the video tape and photographs do not provide a "reasonable review of the officer's hearsay testimony" because they show that the plants were not pulled up by the roots, but rather cut off at the stalks. She does not state why cutting off at the stalk renders it impossible to tell if the plant is "a propogating [sic] unit ... and could survive on its own." The fact that the roots were not attached does not mean that the plants had not yet formed roots and were not capable of survival. We reject her argument and find the evidence sufficient to support the district court's plant count.
 
 
 18
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Defendants also attempt to scare up a motive for omitting the visit by stating that they did not receive notice of Agent Constantine's visit until cross-examination during the pretrial hearings. This is untrue. In its brief responding to Defendants' motion to suppress, the government expressly mentioned Agent Constantine's visit
 
 
 [2]
 While the extent of CRI 1's prior experience with marihuana growing operations may have been relevant to his ability to identify the scent of freshly growing marihuana, we have already noted that this olfactory evidence was not essential to the probable cause determination