972 F.2d 1343
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jerry Wayne BROXSON, Defendant-Appellant.
 No. 91-30063.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1992.*
Decided Aug. 6, 1992.
 
 Before TANG, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jerry Wayne Broxson appeals his conviction by guilty plea for conspiracy to manufacture and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Broxson contends that the district court erred by refusing to suppress evidence seized pursuant to five search warrants because the warrant affidavits did not establish probable cause for the searches. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review for clear error a magistrate judge's finding of probable cause to support a warrant. United States v. Terry, 911 F.2d 272, 275 (9th Cir.1990). For an affidavit to establish probable cause, "the facts must be sufficient to justify a conclusion that the property which is the object of the search is probably on the premises to be searched at the time the warrant is issued." United States v. Greany, 929 F.2d 523, 525 (9th Cir.1991); see also United States v. Hernandez-Escarsega, 886 F.2d 1560, 1564 (9th Cir.1989) (totality of circumstances set forth in affidavit must demonstrate fair probability that evidence will be found in particular place) (quoting Illinois v. Gates, 462 U.S. 213, 238-39 (1983)), cert. denied, 110 S.Ct. 3237 (1990). Information that alone is unreliable may establish probable cause if it is corroborated by information from other sources. Hernandez-Escarsega, 886 F.2d at 1564 (interlocking nature of several informants' stories enhances reliability of each story); United States v. Roberts, 747 F.2d 537, 544 (9th Cir.1984) (informant's tip corroborated by law enforcement agent's observations); see United States v. Lai, 944 F.2d 1434, 1441-42 (9th Cir.1991) (informant's tip corroborated by predicted events coming to pass), cert. denied, 112 S.Ct. 947 (1992).
 
 
 4
 Here, the June 13, 1988 search of Broxson's Vintage Drive property was supported by an affidavit prepared by Officer Timothy McLain of the Oregon state police. McLain stated that a "citizen informant" told a deputy sheriff about a chemical odor coming from a mobile home. The deputy sheriff later himself smelled the odor. A confidential informant who had provided accurate information in another case told another deputy sheriff that he had seen laboratory equipment inside the mobile home and had overheard conversations indicating that the mobile home contained a methamphetamine laboratory. Broxson contends that the confidential informant's information was unreliable multiple hearsay. Nonetheless, it was corroborated by the citizen informant and first deputy sheriff's observations. Accordingly, the magistrate did not err by finding probable cause to support this first search. See Lai, 944 F.2d at 1441-42; Hernandez-Escarsega, 886 F.2d at 1564; Roberts, 747 F.2d at 544.
 
 
 5
 Broxson contends that McLain's affidavit was insufficient to support the June 13, 1988 search of Broxson's Clarks Branch Road home because the affidavit stated only that Broxson's car had been seen at the Vintage Drive property, from which the methamphetamine laboratory had been seized. See United States v. Brown, 951 F.2d 999, 1004 (9th Cir.1991) ("mere guilt by association or presence at the scene of a crime is insufficient probable cause to support a search warrant"). This contention lacks merit because according to the first affidavit, which was attached to the second affidavit, the confidential informant told the deputy sheriff that Broxson owned the Vintage Drive mobile home, and McLain had learned that the Vintage Drive utilities were in Broxson's name. Moreover, in the second affidavit McLain stated that in his experience, records of methamphetamine manufacturing operations often are kept at the homes of the people involved. See United States v. Ayers, 924 F.2d 1468, 1479 (9th Cir.1991) (evidence likely to be found in drug dealers' homes, and magistrate may rely on conclusions of experienced officers regarding likely location of evidence).
 
 
 6
 Broxson contends that Deputy Sheriff Robert Urban's affidavits were insufficient to support the January 31 and April 28, 1989 searches of his Happy Valley Road home. Urban's first affidavit discussed information provided by a confidential informant who had provided accurate information in other cases. The informant said he had bought methamphetamine at Happy Valley Road. Because this information was corroborated by the evidence seized in the two previous searches, there was probable cause to support the January 31 search. See Greany, 929 F.2d at 525; Roberts, 747 F.2d at 544. Urban's second affidavit stated that an informant had bought methamphetamine delivered to the seller by Broxson. This information was corroborated by the evidence seized during the January 31 search and therefore was sufficient to support the April 28 search. See Greany, 929 F.2d at 525; Roberts, 747 F.2d at 544.
 
 
 7
 Broxson contends that the January 31 search exceeded the scope of the warrant because the police seized methamphetamine from Broxson's person. In Broxson's motion to suppress, he argued that the search of his person was improper because the police report of the January 31 search "does not indicate the search of this defendant was incident to arrest or for safety reasons." Nonetheless, the affidavit for the October 22 search stated that Broxson "was wearing a shoulder holster and weapon under his jacket." Accordingly, Broxson's contention lacks merit. See Maryland v. Buie, 494 U.S. 325, 334 n. 2 (1990) (police who have warrant to search premises may not search person present unless there is individualized, reasonable suspicion that person is armed and presently dangerous) (citing Ybarra v. Illinois, 444 U.S. 85 (1979)).
 
 
 8
 Finally, Broxson contends that McLain's affidavit in support of the October 22, 1989 searches of various sites was insufficient because it was based on information discovered during earlier illegal searches. This contention lacks merit because, as discussed above, all four of the earlier searches were proper.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3