8 F.3d 31
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ramsey Matthew BRIDGES, Defendant-Appellant.
 No. 93-30021.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1993.*
Decided Sept. 29, 1993.
 
 Before: FLETCHER, POOLE, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ramsey Matthew Bridges appeals from his conviction following his conditional guilty plea to possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). Bridges contends that the district court erred by denying his motion to suppress cocaine and other evidence seized during a search for false identification documents because (1) the search warrant was not supported by probable cause and (2) the search was a pretext for a narcotics search. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 " 'The standard of review for the issuance of a search warrant requires us to examine whether the magistrate had a substantial basis for concluding that the affidavit in support established probable cause. [Citation.] This inquiry is less probing than de novo review and shows deference to the issuing magistrate's determination.' " United States v. Ayers, 924 F.2d 1468, 1478 (9th Cir.1991) (quoting United States v. Angulo-Lopez, 791 F.2d 1394, 1396 (9th Cir.1986)).
 
 
 4
 For an affidavit to establish probable cause, "the facts must be sufficient to justify a conclusion that the property which is the object of the search is probably on the premises to be searched at the time the warrant is issued." United States v. Greany, 929 F.2d 523, 525 (9th Cir.1991); see also United States v. Hernandez-Escarsega, 886 F.2d 1560, 1564 (9th Cir.1989) (totality of circumstances set forth in affidavit must demonstrate fair probability that evidence will be found in particular place) (citing Illinois v. Gates, 462 U.S. 213, 238-39 (1983)), cert. denied, 497 U.S. 1003 (1990). "[J]udges issuing warrants may draw reasonable inferences about where evidence is likely to be kept." United States v. Bertrand, 926 F.2d 838, 842 (9th Cir.1991); see Ayers, 924 F.2d at 1479 (nexus between property and premises established where officer stated that drug traffickers typically keep contraband in their homes). However, "[p]robable cause to believe that a suspect has committed a crime is not by itself adequate to secure a search warrant for the suspect's home." Ramos, 923 F.2d at 1351.
 
 
 5
 Here, in the affidavit filed in support of the warrant application, Portland Police Officer Andrew Kirkland stated that he and other members of the Portland Police Gang Enforcement Team had learned that gang members were obtaining false identification cards and driver's licenses from an Oregon Department of Motor Vehicles (DMV) employee. A confidential informant told Kirkland that the DMV employee had issued false identification cards and that at least one gang member had used one of the cards to buy a gun. Another confidential informant also told Portland Police Officer Neil Crannell about the DMV employee's activities. Kirkland stated that police records identified "Randy Matthew Bridges" as Ramsey Matthew Bridges born on March 26, 1968. DMV records showed that driver's license number 5077574, one of the objects of the search, had been issued to Randy Matthew Bridges born on January 1, 1966. Bridges's driver's license application listed his address as 4834 N. Montana, Portland, Oregon. Kirkland stated in the affidavit that police and DMV records also showed that a false identification card had been issued to Darryl Dixson. Both Bridges and Dixson had been at 4834 N. Montana when a search warrant was served there. The informants told Kirkland and Crannell that Bridges and his girlfriend lived at 1513 NE Bryant Street, the house that was searched. Kirkland stated that Bridges and Dixson had committed forgery, possession of a forged instrument, misuse of an identification card, and false application for a driver's license.
 
 
 6
 The warrant issued based upon this information and authorized a search of 1513 NE Bryant Street, Portland, Oregon, for "Oregon Driver's License number 5077574, articles of identification such as driver's licenses, checks, papers[,] birth certificates, photos, passports, film, video tapes, documents, and effects which show possession, dominion, and control by an individual."
 
 
 7
 Bridges contends that Kirkland's affidavit did not establish that the false driver's license probably was at 1513 NE Bryant Street because people generally keep driver's licenses in their wallets. Bridges also contends that Kirkland's affidavit did not establish any nexus between evidence of Bridges's participation in the scheme to obtain false identification documents and 1513 NE Bryant Street.
 
 
 8
 It would have been reasonable for the issuing magistrate to infer that people who have false licenses may keep them at their residences when not in use. See Bertrand, 926 F.2d at 842. Furthermore, Kirkland stated in the affidavit that in his experience, evidence "relevant in determining that identity of the possessors of ... contraband" is frequently found during searches. It was reasonable for the issuing magistrate to infer a fair probability that evidence that Bridges and Dixson had obtained false identification documents was located at Bridge's home. See Bertrand, 926 F.2d at 842; Ayers, 924 F.2d at 1479; Hernandez-Escarsega, 886 F.2d at 1564. Accordingly, the magistrate did not err by finding probable cause to support the warrant. See Ayers, 924 F.2d at 1478.
 
 
 9
 Bridges also contends that the search was a pretext for a narcotics search. He argues that Kirkland already possessed sufficient evidence that he had committed the forgery misdemeanors. He also points to a newspaper article stating that police had described the search as part of a narcotics investigation. Bridges relies on United States v. Rettig, 589 F.2d 418 (9th Cir.1978), for the proposition that evidence seized pursuant to a warrant should be suppressed if the police fail to inform the issuing magistrate of the true purpose and intended scope of the search. As the district court found, Rettig is inapplicable because it involved police officers whose search went beyond the bounds of a warrant. See id., 589 F.2d at 422-23. Bridges does not challenge the district court's finding that the search of 1513 Bryant Street did not exceed the scope of the warrant.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3