129 F.3d 129
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Efram Zimbalist WILLIAMS, Plaintiff-Appellant,
v.
CITY OF CALEXICO, Torivio Flores; Carlos Padilla; Bradley
Ramos; Alejandro Armenta; Maria Sanchez; Victor Rocha;
Bill Matus; Javier Moreno; Jill Tangedal; Paul Bugarin;
Abe Sanchez; Jose Soto; Imperial County Office of the
District Attorney; Ann Cologne; William E. Jaynes;
Gilbert Ortero; Maria Mariscal; Maria Elena Gonzalez
Lopez, Defendants,
and
COUNTY OF IMPERIAL; Donal Donelly, Defendants-Appellees.
 No. 96-56803.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 4, 1997.**
Decided Nov. 6, 1997.
 
 Appeal from the United States District Court for the Southern District of California Barry T. Moskowitz, District Judge, Presiding
 Before: HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Efram Zimbalist Williams appeals the district court's grant of summary judgment for defendants Donal Donnelly and County of Imperial in his 42 U.S.C. § 1983 action alleging violation of his Fourth Amendment right to be free from unreasonable searches and seizures.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's decision on qualified immunity, see Newell v. Sauser, 79 F.3d 115, 116 (9th Cir.1996), and we affirm.
 
 
 3
 When determining whether a defendant is entitled to qualified immunity on a claim that an affidavit was insufficient to provide probable cause for issuance of a search warrant, the district court should consider " 'whether a reasonably well-trained officer in [defendant's] position would have known that [the] affidavit failed to establish probable cause and that [defendant] should not have applied for the warrant.' " See Bergquist v. County of Cochise, 806 F.2d 1364, 1368 (9th Cir.1986) (quoting Malley v. Briggs, 475 U.S. 335, 345 (1986)).
 
 
 4
 Here, Donnelly reviewed the investigating officer's affidavit as to form and content and certified it was sufficient to merit issuance of a search warrant. The affidavit stated that Williams had sought the address of the woman he allegedly assaulted, that he wrote the address in a notebook, and that he called the woman at her home. The affidavit sought permission to search Williams's home, vehicle and workplace locker for pieces of paper on which the alleged victim's name and address were written and for phone bills.
 
 
 5
 Upon our review of the record, we conclude that a reasonably well-trained officer in Donelly's position would have believed that the facts set forth in the affidavit established probable cause for the search warrant. Accordingly, the district court did not err by concluding that defendant Donnelly was entitled to qualified immunity on Williams's Fourth Amendment claim. See id.; see also United States v. Greany, 929 F.2d 523, 524-25 (9th Cir.1991).
 
 
 6
 We also conclude that the district court did not err by concluding that Williams submitted no evidence in response to defendant County of Imperial's summary judgment to establish the County's liability. See City of Canton v. Harris, 489 U.S. 378, 385 (1989).
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Williams' request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Williams's remaining claims had been dismissed or settled previously