**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Thomas Edward MANCHA, Defendant—Appellant.**

No. 01–30335.

D.C. No. CR–00–00109–DWM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 2002.

Decided Nov. 13, 2002.

---

Before TROTT, T.G. NELSON and THOMAS, Circuit Judges.

### MEMORANDUM *

Thomas Edward Mancha ("Mancha"), convicted pursuant to a conditional guilty plea for possession with intent to distribute cocaine and felon-in-possession of a firearm, appeals (1) the district court's denial of his motion to suppress evidence seized during a warranted search of his residence, and (2) his motion to dismiss. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

### 1. The District Court Properly Denied Mancha's Motion to Suppress

This Court reviews motions to suppress de novo. *United States v. Jones*, 286 F.3d 1146, 1150 (9th Cir.2002). This Court reviews for clear error whether the magistrate issuing the warrant had a substantial basis for concluding probable cause existed. *United States v. Patterson*, 292 F.3d 615, 625 (9th Cir.2002). On the other hand, this Court reviews whether a search warrant describes the items executing officers could seize with sufficient particularity de novo. *United States v. Noushfar*, 78 F.3d 1442, 1447 (9th Cir.1996).

The district court did not clearly err by concluding that probable cause existed. The affidavit supporting the search warrant ("affidavit") set forth facts gained from statements by confidential informants and named witnesses, and corroborated by Special Agent Little's independent investigation, which established that Mancha led an ongoing drug trafficking operation. Moreover, because Mancha's drug trafficking was continuous, the information in the affidavit was not stale. *United States v. Greany*, 929 F.2d 523, 525 (9th Cir.1991) (two-year-old information on marijuana growing operation not stale; greater laps-es of time permitted if the evidence sought is of an ongoing crime); *United States v. Angulo–Lopez*, 791 F.2d 1394, 1399 (9th Cir.1986) ("With respect to drug trafficking, probable cause may continue for several weeks, if not months, of the last reported instance of suspect activity.")

The search warrant also described the items executing officers could seize with sufficient particularity. *United States v. Hernandez–Escarsega*, 886 F.2d 1560, 1567–68 (9th Cir.1989) (holding that search warrants authorizing seizure of nearly all defendant's personal and business records not overly broad because the affidavit created probable cause to believe that all of defendant's personal and business activities were pervaded by his involvement with drugs).

### 2. The District Court Properly Denied Mancha's Motion to Dismiss

This Court reviews a district court's assumption of jurisdiction de novo. *United States v. Gallaher*, 275 F.3d 784, 788 (9th Cir.2001). Moreover, this Court reviews the district court's interpretation or application of a treaty de novo. *Cree v. Flores*, 157 F.3d 762, 768 (9th Cir.1998).

The 1855 Blackfeet Treaty ("1855 Treaty") does not exempt Mancha, a member of the Blackfeet Indian Tribe ("Tribe"), from 18 U.S.C. § 922(g)(1) (the felon-in-possession statute). The 1855 Treaty reserves to the Tribe the rights of hunting, fishing and self-defense. Mancha argues that this reservation of rights implies an individual Tribal member's right to possess firearms; therefore, applying the felon-in-possession statute violates Mancha's treaty right to possess firearms. The treaty rights, however, belong to the Tribe and not to Mancha as an individual Tribal member. *Gallaher*, 275 F.3d at 788–89. The felon-in-possession statute does not make the exer-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

cise of the Tribe's treaty rights illegal, but merely prohibits Mancha from possessing firearms because he is a convicted felon. *Id.* Nothing in the 1855 Treaty precludes application of the felon-in-possession statute to a convicted felon simply because that felon retains membership in the Tribe.

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the