UNITED STATES of America,
Plaintiff—Appellee,

v.

Ali–Khaled STEITIYE, Defendant—
Appellant.

No. 02–30296, 02–30309.

D.C. No. CR–01–00396–BR,
CR–02–00006–AJB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 7, 2003.

Decided Aug. 4, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Before SCHROEDER, Chief Judge, HUG, and BERZON, Circuit Judges.

910

## MEMORANDUM *

Steitiye appeals the denial of his motion to suppress evidence. He contends that: (1) as a result of an alleged due process violation arising from single-photo array (mis)identifications, there was no probable cause to support the search warrant that led to the contested seizures; and (2) the search warrant was overbroad.

■ 1. We need not decide whether Steitiye is correct about the alleged due process violation. Even discounting the parts of the affidavit supporting the search warrant that depend on information later found to be false, the district court was correct in holding that a warrant properly would have issued nonetheless.[1] This conclusion is dispositive regardless of whether the affiant's misstatements are analyzed using the framework of *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), *see also United States v. Hammett*, 236 F.3d 1054, 1058 (9th Cir. 2001), or pursuant to the independent source doctrine. *See United States v. Beardslee*, 197 F.3d 378, 386 (9th Cir.1999) ("The independent source doctrine allows the use of evidence that was improperly obtained, if that evidence ultimately or inevitably would have been discovered by lawful means."). Under either rubric, the determinative question is whether there would have been probable cause to support the issuance of the warrant had the tainted information been omitted from the affidavit. Here, we are satisfied that such probable cause did exist.

■ As recounted in the affidavit, Agent Villegas began investigating Steitiye before she heard of the gun show incident.

The totality of the circumstances surrounding Steitiye's illegal attempted purchase of a firearm and removal of the ATF form from the gun dealership is sufficient to provide probable cause for the warrant requested by Villegas and issued by the magistrate. The ATF form was not stale evidence after only seven weeks. *See United States v. Greany*, 929 F.2d 523, 525 (9th Cir.1991) ("One may properly infer that ... records of the criminal activity will be kept for some period of time."). The authorities had probable cause to search for firearms-related documents, including that form.

■ 2. We agree with Steitiye that a portion of the warrant was overbroad. The warrant enumerated categories of evidence that were to be searched for and seized. It included under the heading "Records/Documents":

> The following books, records, documents or photographs, whether contained on paper in handwritten, typed, photocopied or printed form or stored on computer hard drives, computer printouts, cassette, disk, diskette, photo-optical devices, photographic film or any other medium, including, but not limited to any inventory list of any firearms traded, sold or acquired by cash or any other means of payment, and an ATF form 4473 signed by Ali Khaled STEI-TIYE.

Such open-ended wording in a warrant is impermissibly overbroad. *See United States v. Washington*, 797 F.2d 1461, 1472–73 (9th Cir.1986) (holding a similar "but not limited to" warrant provision overbroad).

■ Partial overbreadth does not necessarily render the remainder of a warrant

1. The district court found, and Steitiye does not contest on appeal, that the warrant would have been sought even if Agent Villegas had not thought that Steitiye was involved in the gun show incident.

invalid. *See United States v. Kow*, 58 F.3d 423, 428 (9th Cir.1995) (total suppression is required when "no portion of the warrant is sufficiently particularized to pass constitutional muster"). Here, the "Firearms" section of the warrant specified "[a]ny firearms, and other items pertaining to the possession of firearms including ammunition, ammunition magazines, spare parts for firearms, photographs of firearms or of Ali Khaled STEITIYE in possession of firearms and receipts for the purchase and/or repairs of all of these items." This component of the warrant passes constitutional muster, as it is a significant aspect of the warrant. *Cf. id.* (severance is not available if the valid portion of the warrant is "relatively insignificant").

We therefore sever the overbroad section of the warrant and uphold its remaining components. *See Washington*, 797 F.2d at 1473 ("Any articles seized pursuant to valid portions of the warrant need not be suppressed.").

3. In executing the warrant, the officers involved searched Steitiye's residence in a manner consistent with looking for firearms-related documents specified in the valid part of the warrant. Indeed, the receipt for Steitiye's failed gun purchase was found during the course of the search. Other items, mostly related to credit card fraud, were properly seized in light of the plain view doctrine. *See United States v. Wong*, 334 F.3d 831 (9th Cir.2003).

For the foregoing reasons, Steitiye's motion to suppress was correctly denied. None of the evidence was seized under the aegis of a warrant lacking probable cause or pursuant to an overbroad portion of that warrant. The judgment of the district court is therefore AFFIRMED.