MEMORANDUM *
Claimants Arthur Harris (“Harris”) and Richard Barnett (“Barnett”) appeal the district court’s denial of their motion to suppress the evidence obtained during two separate searches of Harris’s residence, as well as its grant of summary judgment in favor of plaintiff, the United States government.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. The Fourth Amendment applies to civil forfeiture proceedings. One 1958 Plymouth Sedan v. Pennsylvania, 380 U.S. 693, 701-02, 85 S.Ct. 1246, 14 L.Ed.2d 170 (1965). We review de novo both the denial of a motion to suppress, see United States v. Wright, 215 F.3d 1020, 1025 (9th Cir.2000), and a grant of summary judgment, see Buono v. Norton, 371 F.3d 543, 545 (9th Cir.2004).
The district court did not err in denying claimants’ motion to suppress the evidence obtained during the May 6, 2004 search. The search of Harris’s home was made pursuant to a warrant issued by a magistrate. Because the evidence supporting the warrant showed a “fair probability,” see Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), that a gun would be found in the possession of a felon, the warrant was valid. Nor did the information supporting the warrant become stale by the time of the warrant’s execution. “Staleness must be evaluated in light of the particular facts of the ease and the nature of the criminal activity and property sought.” United States v. Greany, 929 F.2d 523, 525 (9th Cir.1991). We must determine whether there was “sufficient basis to believe, based on a continuing pattern or other good reasons, that the item[ ] to be seized [is] still on the premises.” United States v. Gann, 732 F.2d 714, 722 (9th Cir.1984).
Here, there was a sufficient basis to believe that Cheryl Wind’s gun was still on Harris’s premises. After her initial report that Harris, .a convicted felon, had stolen her gun and beaten her with it, police confirmed that Wind had not retrieved her gun, nor had it been turned in to police. Also, Harris had a history of violence and criminal activity, suggesting that he might retain the firearm. The lapse of a mere two weeks did not undermine the probable cause to believe that Wind’s gun, a durable good, remained on Harris’s premises. See, e.g., United States v. Collins, 61 F.3d 1379, 1384-85 (9th Cir.1995) (holding that six-week old firearm possession information is not stale). There was a fair probability that the search would yield the gun, which was contraband and evidence of a crime in Harris’s possession.
We reject claimants’ argument relying upon United States v. Marin-Buitrago, 734 F.2d 889 (2d Cir.1984). In that *10 case, the Second Circuit held that an officer must report new information to the issuing judge after the warrant’s issuance if the information is “material” to the magistrate’s determination of probable cause. Id. at 894. Cf. Franks v. Delaware, 438 U.S. 154, 155-56, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978) (holding that material falsehoods made deliberately or recklessly in a supporting affidavit will render the warrant invalid and require suppression of the evidence obtained in the resulting search); United States v. Kyllo, 37 F.3d 526, 529 (9th Cir.1994) (explaining how Franks applies to omissions). We do not disagree with the general principle stated in Ma-nrir-Buitrago. However, Harris’s self-serving statement to the searching officers that he no longer had the weapon for which police were searching was not material to the prior and proper determination of probable cause; thus the officers had no duty to contact the magistrate judge for an updated determination of probable cause.
Because the evidence from the first search was appropriately allowed, we need not consider the validity of the subsequent search. If, as we have now concluded, the evidence from the first search was properly allowed, appellant Harris has stipulated to the forfeitability of the property and appellant Barnett has conceded that summary judgment for the government was proper.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

. Because the parties are familiar with the ' facts and procedural history, we do not restate them here except as necessary to explain our disposition.