**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10367 |
| Plaintiff - Appellee, | D.C. No. 1:08-cr-00667-JMS-1 |
| v. | |
| DAVID E. KUBA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, District Judge, Presiding

Argued and Submitted June 17, 2010
Honolulu, Hawaii

Before: B. FLETCHER, PREGERSON, and CLIFTON, Circuit Judges.

David E. Kuba appeals the district court's denial of his motion to suppress

evidence obtained from the search of his home and computer. As the parties are

familiar with the facts, procedural history, and arguments, we will not recount

them here. We affirm.

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

We review de novo a district court's denial of a motion to suppress and the validity of a search warrant. United States v. Crews, 502 F.3d 1130, 1135 (9th Cir. 2007). The trial court's factual findings are reviewed for clear error. United States v. Bynum, 362 F.3d 574, 578 (9th Cir. 2004). Determinations of probable cause are reviewed de novo. Ornelas v. United States, 517 U.S. 690, 699 (1996).

There was sufficient evidence in the warrant affidavit to support probable cause. Probable cause means a "fair probability that contraband or evidence is located in a particular place. Whether there is a fair probability depends upon the totality of the circumstances, including reasonable inferences, and is a commonsense, practical question. Neither certainty nor a preponderance of the evidence is required." United States v. Kelley, 482 F.3d 1047, 1050 (9th Cir.2007) (internal citations and quotations omitted). "Although in a particular case it may not be easy to determine when an affidavit demonstrates the existence of probable cause, resolution of doubtful or marginal cases in this area should largely be determined by the preference to be accorded to warrants." Illinois v. Gates, 462 U.S. 213, 237 (1983).

The magistrate judge was presented with an affidavit containing facts that circumstantially indicated a fair probability that Kuba had purchased a 20-day subscription to a certain website and would likely have accessed and retained

2

images therefrom. The affidavit also noted that a forensic examiner could likely retrieve evidence of images from a computer even if the images had been deleted. The circumstantial evidence contained in the affidavit met the standard of probable cause established in Kelley. See United States v. Gourde, 440 F.3d 1065, 1074 (9th Cir. 2006) (en banc) (holding that evidence of a subscription to a certain website was sufficient to establish probable cause to search the subscriber's computer for illegal files downloaded from that website).

Probable cause was not stale because of the passage of nearly twelve months from the date of the defendant's suspected subscription to the issuance of the search warrant. Staleness is a flexible concept that depends largely upon the nature of the crime and the items to be seized. United States v. Greany, 929 F.2d 523, 525 (9th Cir. 1991). "The mere lapse of substantial amounts of time is not controlling." United States v. Lacy, 119 F.3d 742, 745 (9th Cir. 1997). There was a fair probability that the images had not been deleted in the meantime, and, even if they had, that evidence of the images could still be obtained from the computer.

**AFFIRMED.**