**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 13 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10231 |
| Plaintiff - Appellee, | D.C. No. 4:08-cr-00083-PJH-13 |
| v. | |
| PAUL KOZINA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Argued and Submitted April 18, 2012
San Francisco, California

Before: REINHARDT, NOONAN, and MURGUIA, Circuit Judges.

Paul Kozina was convicted following a jury trial of one count of possession

of methamphetamine with the intent to distribute in violation of 21 U.S.C. §§

841(a)(1), 841(b)(1)(B)(viii), and 18 U.S.C. § 2, and one count of conspiracy to

possess methamphetamine in violation of 21 U.S.C. § 844(a).  On appeal, Kozina

---

  [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

makes several challenges to the evidence admitted against him at trial.  Because the facts are known to the parties, we recount them here only as necessary to explain our decision.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Kozina claims that the facts in the affidavit underlying the February 2008 search warrant were stale and did not establish probable cause.  Before we consider probable cause, "we may proceed directly to the issue of whether there was good faith reliance."  *United States v. Crews*, 502 F.3d 1130, 1136 (9th Cir. 2007) (citing *United States v. Leon*, 468 U.S. 897, 923-25 (1984)).

The law enforcement officers who executed the search relied on the warrant in good faith because of evidence that the drug dealing went on after the surveillance period.  The evidence created "a colorable argument that the search . . . was supported by probable cause . . . . " *Crews*, 502 F.3d at 1136; *see also United States v. Greany*, 929 F.2d 523, 525 (9th Cir. 1991); *United States v. Pitts*, 6 F.3d 1366, 1369-70 (9th Cir. 1993).

Kozina argues that the government sought, and obtained, roving wiretaps without authorization by a high-level Justice Department official.  We review de novo the district court's denial of a motion to suppress evidence obtained by wiretap and review the district court's factual findings for clear error.  *United States v. Callum*, 410 F.3d 571, 577 (9th Cir. 2005).

2

We affirm the district court's ruling because the communications did not require a roving wiretap. The wiretap in this case properly permitted the interception of communications to and from an identified cell phone number, which we have defined as a "communications facility." Such a wiretap does not require higher-level Justice Department authorization. *See United States v. Duran*, 189 F.3d 1071, 1086 (9th Cir. 1999).

Kozina argues that the district court erred when it denied his motion to suppress statements that he made while his wife Angelica Rodriguez was on the phone with Zaragoza and after Rodriguez dialed the number, but before Zaragoza answered it. We review the district court's ruling de novo. Kozina's statements while Rodriguez was on the phone, were made without a reasonable expectation of privacy. They were wire communications that fell within the ambit of the wiretap order. However, statements made by Kozina after Rodriguez dialed Zaragoza but before the phone was answered were oral communications not subject to the order. It was error to admit them. *See In the Matter of the Application of the U.S. for an Order Authorizing the Roving Interception of Oral Communications*, 349 F.3d 1132, 1137-38 (9th Cir. 2003). Reversal is not warranted, however, because this error was harmless. *See United States v. Brobst*, 558 F.3d 982, 996 (9th Cir. 2009); *United States v. Quintero*, 38 F.3d 1317, 1331 (3d Cir. 1994).

3

Kozina appeals the district court's denial of his motion to suppress statements that Rodriguez made to Zaragoza on September 29, 2007. The district court's finding that Rodriguez's statements to Zaragoza furthered the conspiracy must be upheld unless clearly erroneous. *United States v. Williams*, 989 F.2d 1061, 1067 (9th Cir. 1993). The district court's decision was not clearly erroneous, since it was reasonable to infer that Rodriguez called Zaragoza in order to update him on the status of the conspiracy and pave the way for further transactions.

**AFFIRMED.**