**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30151 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-05566-BHS-1 |
| v. | |
| TITUS DION PETERSON, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted December 9, 2014**
Seattle, Washington

Before: HAWKINS, McKEOWN, and TALLMAN, Circuit Judges.

Titus Peterson appeals his convictions for drug-related offenses subsequent to

a bench trial where the district court relied on evidence obtained from a search warrant

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

that Peterson sought unsuccessfully to suppress. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1.** Given the specific facts provided in the affidavit in support of the search warrant, including but not limited to evidence of Peterson's involvement in ongoing drug trafficking operations, reliable information about Peterson made by an informant six weeks prior to the date of the affidavit, and the seizure of twenty-nine grams of rock cocaine from Peterson the day prior to the affidavit's attestation, the evidence used to obtain the search warrant was not stale. *See United States v. Greany*, 929 F.2d 523, 525 (9th Cir. 1991). Further, to the extent that any evidence relied upon was old, it was refreshed by current evidence of continuing drug trafficking activity that was "recently obtained" prior to the filing of the affidavit. *United States v. Vaandering*, 50 F.3d 696, 700 (9th Cir. 1995); *see also United States v. Alvarez*, 358 F.3d 1194, 1203-04 (9th Cir. 2004).

**2.** We adopt by reference the well-articulated reasons in Judge Benjamin Settle's oral ruling in concluding that Peterson did not make the necessary "substantial preliminary showing" to support his claim for a *Franks* hearing. *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978).

**AFFIRMED.**