
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-30008 |
| Plaintiff-Appellee, | D.C. No. 1:15-cr-00057-SPW-1 |
| v. | |
| JOSHUA LEE HELM, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted March 7, 2018[**]
Seattle, Washington

Before: RAWLINSON, CLIFTON, and CHRISTEN, Circuit Judges.

Appellant Joshua Helm (Helm) appeals the district court's denial of his

motions to suppress evidence seized on two separate occasions. Specifically, Helm

contends that the July 22, 2014, warrantless seizure of his vehicle was not

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

supported by probable cause, and the September 3, 2014, *Terry*[1] stop was not based on reasonable suspicion. Reviewing *de novo*, we affirm the judgment of the district court. *See United States v. Moore*, 770 F.3d 809, 812 (9th Cir. 2014) (reviewing the denial of a motion to suppress *de novo*).

1.      We held in *United States v. Bagley*, 772 F.2d 482, 491 (9th Cir. 1985), that "the existence of probable cause alone justifies a warrantless search or seizure of a vehicle lawfully parked in a public space." Probable cause for a warrantless search or seizure "exists if there is a fair probability that contraband or evidence of a crime will be found in a particular place under the totality of the circumstances." *United States v. Faagai*, 869 F.3d 1145, 1150 (9th Cir. 2017) (citations and internal quotation marks omitted). The totality of the circumstances preceding the seizure of Helm's truck on July 22, 2014, included the fact that a records check on the license plate revealed that the truck was registered to Helm and that Helm had an outstanding arrest warrant. After Helm was arrested, he insisted that the officers not enter the truck. A patdown of Helm resulted in discovery of a suspected methamphetamine pipe, and a detective recognized Helm's truck because he had "done two previous control drug buys with Mr. Helm," when Helm

---

[1]*Terry v. Ohio*, 392 U.S. 1 (1968).

2

was driving the same truck. Under the circumstances, officers had probable cause to believe the truck contained evidence of drug trafficking.

Helm argues that the evidence of the controlled drug purchases was stale, but this argument lacks merit. *See United States v. Greany*, 929 F.2d 523, 525 (9th Cir. 1991) ("Staleness must be evaluated in light of the particular facts of the case and the nature of the criminal activity and property sought. . . .") (citation omitted); *see also United States v. Angulo-Lopez*, 791 F.2d 1394, 1399 (9th Cir. 1986) ("With respect to drug trafficking, probable cause may continue for several weeks, if not months, of the last reported instance of suspected activity.") (citations omitted).

2.      Reasonable suspicion exists to detain an individual for questioning if an officer has a reasonable, objective belief that "criminal activity may be afoot." *United States v. Arvizu*, 534 U.S. 266, 273 (2002) (citations and internal quotation marks omitted). Here, the officer spotted a truck parked in the parking lot of what he believed was a closed business. Two males were sitting in the truck, and a male and female were standing outside the truck, near the passenger door. The males inside the truck appeared "dazed" and began moving around inside the truck as if hiding or moving something, and the individuals outside the truck left. The driver grew agitated when the officer asked the occupants for their names, and Helm

reached into his waistband and moved something toward the center of the seat. Under the totality of these circumstances, there was "a basis for suspecting that [Helm was] engaged in criminal conduct." *United States v. Thomas*, 211 F.3d 1186, 1189, 1192 (9th Cir. 2000).

Because the warrantless seizure of Helm's truck was supported by probable cause, and because reasonable suspicion existed sufficient to detain Helm, we affirm the denial of Helm's motions to suppress evidence obtained as a result of the challenged search and the challenged detention.

**AFFIRMED.**