12 F.3d 1110
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Russ Attridge SYSTAD, Defendant-Appellant.
 No. 93-30124.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1993.*
Decided Dec. 16, 1993.
 
 Before: SNEED, NOONAN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Russ Attridge Systad appeals his conviction following entry of a conditional guilty plea for manufacturing marijuana in violation of 21 U.S.C. Sec. 841(a)(1). Systad contends that (1) the district court erred by not granting his motion for a Franks hearing; (2) the search warrant was not supported by probable cause; and (3) the search was not justified under the good faith exception. We have jurisdiction under 28 U.S.C. Sec. 1291 and we affirm.
 
 
 3
 The search warrant issued on an affidavit containing the following information: Cal Walker had been a Deputy Sheriff for thirteen months. Prior to that, Walker spent three years as a patrol investigator with the Sheriff's Department where he was assigned to the unit with primary responsibility for drug cases and involved in the seizure of over three thousand marijuana plants in over thirty-six marijuana grow operations. Walker had received law enforcement training and graduated from the Spokane Police Academy in 1983.
 
 
 4
 On June 27, 1990, after receiving an anonymous tip, the Sheriff's Department seized forty-three marijuana plants from Daniel Systad's house and Daniel later entered a guilty plea to possession of marijuana. On February 20, 1991 and March 17, 1991, the Sheriff's Department received anonymous tips that a marijuana grow existed at Daniel Systad's house. In early 1992, a confidential informant told Walker that he had purchased from "Russ" marijuana which was grown in his house. Russ Systad had a January 1989 misdemeanor conviction for possession of drug paraphernalia.
 
 
 5
 On May 22, 1992, Walker smelled a "slight to moderate odor of growing or freshly harvested marijuana" while walking through the alley bordering the Systad property.[1] After walking around the block and returning to the front of the house, Walker again smelled "the same slight to moderate odor" of growing marijuana. Two hours later, while standing on the street corner, Walker was again able to smell the slight to moderate odor.
 
 
 6
 On May 26, 1992, Walker walked past the houses on the street and smelled a "slight odor of growing marijuana." Walker continued around the block and upon return to the front of the houses noticed "a heavier moderate odor."
 
 
 7
 Two drawings of the lot and structures with measurements and a photograph of the front of the house were attached to the affidavit.
 
 
 8
 * Franks Hearing
 
 
 9
 Systad contends the district court erred by denying his motion for an evidentiary hearing to test the veracity of the statements in the affidavit. We reject this contention.
 
 
 10
 We review de novo whether a defendant is entitled to a Franks hearing. United States v. Dozier, 844 F.2d 701, 704 (9th Cir.), cert. denied, 488 U.S. 927 (1988).
 
 
 11
 A defendant who makes a substantial preliminary showing that a search warrant affidavit contains (1) a deliberately or recklessly false statement or misleading omission (2) material to the finding of probable cause is entitled to an evidentiary hearing. Franks v. Delaware, 438 U.S. 154, 155-56 (1978); United States v. Stanert, 762 F.2d 775, 781, amended, 769 F.2d 1410 (9th Cir.1985).
 
 
 12
 Systad argues that Walker omitted the distance at which he alleges to have detected the marijuana odor. Because diagrams attached to the affidavit indicated the dimensions of the lot and buildings and the affidavit described Walker's location at the times he noticed the odor, we conclude that the affidavit did not omit a fact that would tend to mislead the magistrate judge. See United States v. Angulo-Lopez, 791 F.2d 1394, 1399 (9th Cir.1986) (issuing judge entitled to draw reasonable inferences from information in affidavit).
 
 
 13
 Systad also argues that it was impossible for Walker to have detected a marijuana odor because other visitors had not smelled marijuana on the property and Systad took precautions to eliminate odors. Systad recognizes, however, his plants emitted an odor, one strong enough that he took precautions to disguise it. Cf. United States v. Johns, 851 F.2d 1131, 1134 (9th Cir.1988) (per curiam) (hearing required when scientifically impossible for officers to have smelled chemicals). That other visitors did not smell the plants on other occasions does not reflect on Walker's ability to smell them on May 22 and 26. See United States v. Kerr, 876 F.2d 1440, 1444-45 (9th Cir.1989) (reluctantly accepting evidence that officer detected odor of marijuana fifty yards from a well-insulated building); United States v. Peacock, 761 F.2d 1313, 1316 (9th Cir.) (probable cause existed when experienced officer detected a distinct odor even though defendant's neighbor had not noticed it), cert. denied, 474 U.S. 847 (1985). Moreover, Walker's law enforcement experience detecting the odor of growing marijuana plants carries more weight than the observations of untrained visitors. See Peacock, 761 F.2d at 1316. Accordingly, we conclude that Systad's offer of proof did not constitute a substantial preliminary showing of a deliberate or reckless falsehood. See Stanert, 762 F.2d at 781.
 
 II
 Probable Cause
 
 14
 Systad contends the search lacked probable cause because the affidavit did not contain a foundation that Deputy Walker was qualified to detect the source of a slight odor. This contention is without merit.
 
 
 15
 We review the issuance of a search warrant to ensure that the magistrate judge had a substantial basis for concluding that the affidavit established probable cause. Angulo-Lopez, 791 F.2d at 1396. "This inquiry is less probing than de novo review and shows deference to the issuing magistrate's determination." Id.
 
 
 16
 We view the totality of circumstances set forth in the affidavit to determine whether there was a fair probability that criminal evidence would be found at the location to be searched. United States v. Ocampo, 937 F.2d 485, 490 (9th Cir.1991). "The presence of the odor of contraband may itself be sufficient to establish probable cause," Kerr, 876 F.2d at 1445, provided the affiant is qualified to recognize the odor, United States v. DeLeon, 979 F.2d 761, 765 (9th Cir.1992).
 
 
 17
 Here, the affidavit included information from anonymous tips and an informant that a marijuana grow operation existed on the property. Marijuana plants had been seized from there in 1990. Deputy Walker, who had been involved in the seizure of three thousand marijuana plants, detected the odor of marijuana while near the property on separate days and locations.
 
 
 18
 Because the affidavit included information that a grow operation was located at the residence and a qualified officer detected the odor of growing marijuana while standing near the residence, probable cause existed. See United States v. Ventresca, 380 U.S. 102, 111 (1965) (probable cause existed when investigators smelled the illegal distillery while on the sidewalk in front of defendant's house); Kerr, 876 F.2d at 1444-45 (probable cause established when officer's detection of marijuana odor corroborated informant's assertion that defendant was growing marijuana on premises). Walker's experience with marijuana grows and his law enforcement training provides a sufficient basis on which to infer that he was qualified to detect the source of a slight to moderate odor of marijuana. See United States v. Chesher, 678 F.2d 1353, 1359 (9th Cir.1982) (sworn statements of agent's personal observations entitled to great weight); cf. DeLeon, 979 F.2d at 765 (an untrained, inexperienced person's claim to have smelled marijuana plants insufficient to establish probable cause).[2]
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Located on a corner lot with an alley one side, the Systad property contained two houses and an attached garage. Daniel lived in one house and Russ and his mother in the other
 
 
 [2]
 To the extent that Systad suggests the affidavit contained stale information, we reject the contention. See, e.g., United States v. Greany, 929 F.2d 523, 525 (9th Cir.1991) (two-year old information not stale because marijuana cultivation is long-term crime)
 Because we find the search warrant supported by probable cause, we do not reach Systad's argument that the officers executing the warrant lacked a good faith belief that the warrant was valid. See United States v. Leon, 468 U.S. 897 (1984); United States v. Espinosa, 827 F.2d 604, 610 n. 3 (9th Cir.1987), cert. denied, 485 U.S. 968 (9th Cir.1988).