**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Maribel ROSA, Defendant–Appellant.**

**No. 00–10297.**
**D.C. No. CR–99–191–WBS.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 12, 2001[1].

Decided Feb. 22, 2001.

---

4. All pending motions are denied.

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before LEAVY, THOMAS, and RAWLINSON, Circuit Judges.

Before WALLACE, FISHER, and RAWLINSON, Circuit Judges.

### MEMORANDUM [2]

Maribel Rosa pleaded conditionally to possession of pseudoephedrine with knowledge or reasonable cause to believe it would be used to manufacture methamphetamine and aiding and abetting in violation of 21 U.S.C. § 841(d)(2) and 18 U.S.C. § 2, reserving the right to appeal from an order denying suppression of evidence. On appeal, Rosa adopted pursuant to Fed. R.App. P. 28(i) co-defendant Joseph Carl–Barjo Tydingco's argument challenging the same order in his own appeal, *United States v. Tydingco,* 00–10014. We recently affirmed the district court in *United States v. Tydingco,* 00–

---

10014, in a Memorandum filed January 23, 2001. We adopt the reasoning of that Memorandum, which is attached hereto as an Appendix, and affirm the judgment in Rosa's case.

AFFIRMED.

### APPENDIX

United States of America,
Plaintiff–Appellee,

v.

Joseph Carl–Borja Tydingco,
Defendant–Appellant.

No. 00–10014.

Submitted Nov. 17, 2000 [3].

Decided Jan. 23, 2001.

### MEMORANDUM [4]

Tydingco pleaded guilty conditionally to conspiracy to manufacture methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1), reserving the right to appeal from the order denying suppression of evidence. On appeal, he contends that the district court erred in denying his motion to suppress the evidence obtained at his residence because the information in the affidavit for the search warrant was stale. We have jurisdiction over this timely filed appeal pursuant to 28 U.S.C. § 1291. We affirm.

■ A court's finding of probable cause is reviewed for clear error. *United States v. Wright,* 215 F.3d 1020, 1025 (9th Cir. 2000). Thus, the court's original determination of probable cause is accorded significant deference. *United States v. Gil,* 58 F.3d 1414, 1418 (9th Cir.1995).

---

**2.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

**3.** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**4.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Tydingco argues that the search warrant was defective because the information contained in the affidavit pertained to activity between June, 1998 and December, 1998, while the search warrant was obtained in May, 1999. According to Tydingco, this five month lapse is fatal. However, " '[t]he mere lapse of substantial amounts of time is not controlling in a question of staleness.' " *United States v. Pitts,* 6 F.3d 1366, 1369 (9th Cir.1993), *quoting United States v. Dozier,* 844 F.2d 701, 707 (9th Cir.1988). We evaluate staleness " 'in light of the particular facts of the case and the nature of the criminal activity and property sought.' " *Id., quoting United States v. Greany,* 929 F.2d 523, 525 (9th Cir.1991). Where, as here, " 'the evidence sought is of an ongoing criminal business ... greater lapses of time are permitted if the affidavit shows the probable existence of the activity at an earlier time.' " *United States v. Vaandering,* 50 F.3d 696, 700 (9th Cir.1995), *quoting Greany,* 929 F.2d at 525 (two year-old information on a marijuana grow operation was not stale). " 'With respect to drug trafficking, probable cause may continue for several weeks, if not months, of the last reported instance of suspect activity.' " *Pitts,* 6 F.3d at 1369, *quoting United States v. Angulo–Lopez,* 791 F.2d 1394, 1399 (9th Cir.1986).

Here, the affidavit provided an abundance of information that Tydingco was involved in continuous methamphetamine manufacturing activity at his residence at least from June, 1998 through December, 1998. The affidavit also included information supporting the contention that evidence of repeated methamphetamine manufacturing in a specific location is detectable for years after such activity ceases. Further, the affidavit contained the Drug Enforcement Administration agent's expert opinion that illegal methamphetamine manufacturers, and those who assist them, generally keep records, receipts, buyer lists, recipes, and other documentary evidence in their places of residence and places of business for long periods of time. Thus, the information in the affidavit was not stale, and it supports the magistrate judge's finding that there was probable cause to believe that there would be evidence of drug manufacturing and trafficking at Tydingco's residence. The magistrate judge's responsibility in determining whether to issue a search warrant is "simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him ... there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). The magistrate judge did not err in making this determination, clearly or otherwise.

AFFIRMED