**UNITED STATES of America,**
Plaintiff—Appellee,

v.

**Armando ROQUE–RODRIGUEZ,** aka Armando Garcia; Armando Garcia Ayala; Moto; Armando Garcia–Ayala, Defendant—Appellant.

No. 07–50260.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 2, 2008.

Filed Aug. 7, 2008.

Michael J. Raphael, Esq., Assistant U.S., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Lisa J. Jackson, Law Offices of Lisa J. Jackson, Pacific Palisades, CA, for Defendant–Appellant.

Before: KOZINSKI, Chief Judge, D.W. NELSON and BEA, Circuit Judges.

## MEMORANDUM *

Armando Roque–Rodriguez [1] appeals his conviction for conspiracy to manufacture and distribute methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and for illegal possession of a listed chemical, in violation of 21 U.S.C. § 841(c)(2).

The search warrant was supported by probable cause. The information in the affidavit linking defendant to drug trafficking was not "stale." "Staleness must be evaluated in light of the particular facts of the case and the nature of the criminal activity and property sought." *United States v. Greany*, 929 F.2d 523, 525 (9th Cir.1991). The magistrate judge was entitled to rely on Agent Chang's affidavit stating that drug traffickers keep records, customer lists, and similar documents for long periods of time, and to conclude that it would be reasonable to seek such documentary evidence at the subject premises. *See id.* ("One may properly infer that ... records of the criminal activity will be kept for some period of time."); *United States*

*v. Dozier*, 844 F.2d 701, 707 (9th Cir.1988) ("The mere lapse of substantial amounts of time is not controlling in a question of staleness. . . . The documentary records sought are the type of records typically found to be maintained over long periods of time.").

The magistrate judge did not clearly err when he determined that defendant had a sufficient connection to the subject premises such that it would be reasonable to seek the documentary evidence there: defendant used a vehicle registered to the utility subscriber at the residence; his niece's car and cars "associated" with him were seen parked there; and on two occasions, agents saw him leave the premises.

Defendant's contention that the affidavit contained material omissions is waived because he failed to raise this issue in a timely motion to suppress. *See United States v. Murillo*, 288 F.3d 1126, 1135 (9th Cir.2002) ("[F]ailure to bring a timely suppression motion constitutes a waiver of the issue.") (citing *United States v. Wright*, 215 F.3d 1020, 1026 (9th Cir.2000)). Defendant has not shown good cause for that failure. *See id.* In any event, defendant has not shown that any omissions were material.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. According to the parties, Appellant's real name is Armando Roque–Rodriguez, not Armando Garcia Ayala. The Clerk is instructed to change the docket to reflect Appellant's real name.