**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-2100 |
| Plaintiff-Appellee, | D.C. No. 4:20-cr-06010-SAB |
| v. | |
| MICHAEL LEE VANTIGER, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Stanley A. Bastian, District Judge, Presiding

Submitted September 13, 2024[**]
Seattle, Washington

Before: W. FLETCHER and SUNG, Circuit Judges, and RAKOFF,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***] The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

Defendant-Appellant Michael Lee Vantiger appeals from his criminal conviction. He challenges the denial of his motion to suppress evidence and statements obtained during a traffic stop and subsequent search of a car in which he was a passenger. We have jurisdiction under 28 U.S.C. § 1291. We may "affirm the district court's judgment on any ground the record supports." *United States v. Craighead*, 539 F.3d 1073, 1080 n.2 (9th Cir. 2008). We affirm.

The traffic stop was supported by reasonable suspicion. The informant interviews, Vantiger's gambling records, evidence obtained from the investigation of Vantiger's social media accounts, and the ping data showing his route to and from Los Angeles gave the officers a "particularized and objective basis for suspecting [Vantiger] of criminal activity." *United States v. Palos-Marquez*, 591 F.3d 1272, 1275 (9th Cir. 2010) (quoting *United States v. Berber-Tinoco*, 510 F.3d 1083, 1087 (9th Cir. 2007)).

The evidence from the informant interviews was not stale at the time of the stop. "[G]reater lapses of time are permitted" when the evidence "is of an ongoing criminal business of a necessarily long-term nature," *United States v. Greany*, 929 F.2d 523, 525 (9th Cir.1991), and the period of time between the informants' statements and the stop in this case was shorter than gaps we have previously approved, *see United States v. Pitts*, 6 F.3d 1366, 1369–70 (9th Cir. 1993).

2

Vantiger claims that the police officers' use of a ruse during the stop was unreasonable. Citing *United States v. Magallon-Lopez*, 817 F.3d 671, 675 (9th Cir. 2016), the Government argues categorically, and incorrectly, that police officers' "use of a ruse when conducting an investigatory stop 'does not call into question the legality of the stop'" if the stop is supported by reasonable suspicion. "'An otherwise lawful seizure can violate the Fourth Amendment if it is executed in an unreasonable manner,' including if it is executed by means of an unreasonable ruse." *United States v. Ramirez*, 976 F.3d 946, 952 (9th Cir. 2020) (citation omitted) (quoting *United States v. Alverez-Tejeda*, 491 F.3d 1013, 1016 (9th Cir. 2007)). However, the ruse that the officers used to separate Vantiger and the driver for questioning—telling him that they had received a report of domestic violence—was reasonable and did not make the questioning unlawful. The intrusion in this case was considerably milder than the intrusion we found reasonable in *Alverez-Tejeda*. *See Alverez-Tejeda*, 491 F.3d at 1017–18.

Assuming Vantiger is correct that the K9 alerts were unreliable, we nonetheless conclude that the search warrant was supported by probable cause. Vantiger has not shown that "the affidavit purged of those falsities . . . would not be sufficient to support a finding of probable cause." *United States v. Fowlkes*,

3

804 F.3d 954, 969 (9th Cir. 2015) (quoting *United States v. Stanert*, 762 F.2d 775, 782 (9th Cir. 1985)).

**AFFIRMED.**